LESSEE OF ENOCH TUCKER AND RICHARD THOMPSON, PLAIN-
TIFFS IN ERROR v. ELIZA G. MORELAND.

Ejectment. B. being seized of a fee in certain real estate in the city of Washington,
on the 1st of December 1831, executed a deed to R. W. The deed recited, as the
consideration, that B. with one Bing, was indebted to T. & T. in the sum of 3,238
dollars, for which a promissory note had been given, to secure the payment of which
the conveyance was made to W., in trust, to sell the property in case of the non-
payment of the debt; and the same was sold on the 7th of March 1833 for that pur-
pose, by W. as trustee, and was by him conveyed to T. & T., the purchasers. B
continued in possession of the property until February 8, 1833, when he conveyed
it, with other property, to his mother, E. G. M., in consideration of 1,138 dollars
due to her; for which a suit had been instituted; and of other advances made to
him. At the time of the sale by W. notice was given of the title of E. G. M. to
the premises, and she publicly claimed the same as her absolute right. Evidence,
at the trial of an ejectment brought by T. & T. against E. G. M., was given to
prove that, at the time of the execution of the deed by B. to W., B. was *an infant*
under twenty-one years of age; and that at the time the deed to E. G. M. was made
he was of full age.

The decision of Lord Mansfield, in Zouch v. Parsons, 3 Burrow 1804, was perfectly
correct. The act of the infant which was held valid by the court, was precisely
such an act as the infant was bound to do, and would have been compelled to do
by a court of equity.

The deed given by B. to E. G. M. was a complete disaffirmance and avoidance of his
prior deed to W.; and the deed of W. to T. & T. did not convey such a title to
them, as would enable them to sustain an action of ejectment for the property.

To assume as a matter of law, that a voluntary and deliberate recognition, by a per-
son after his arrival at age, of an actual conveyance of his right, during his nonage,
amounts to a confirmation of such conveyance; or to assume, that a mere acqui-
escence in the same conveyance, without objection for several months after his arri-
val at age, is also a confirmation of it, are not maintainable. The mere recognition
of the fact, that a conveyance has been made, is not, per se, proof of a confirmation
of it.

It is apparent, upon the English authorities, that however true it may be, that an in-
fant may so bind himself by deed in certain cases, as that in consequence of the so-
lemnity of the instrument, it is voidable only, and not void; yet that the instrument,
however solemn, is held to be void, if upon its face it is apparent that it is to the
prejudice of the infant.

There is no doubt that an infant may avoid his act, deed, or contract, by different
means, according to the nature of the act, or the circumstances of the case. He
may sometimes avoid it, by matters in pais, as in case of a feoffment by an entry, if
his entry is not tolled; sometimes by plea, as when he is sued upon his bond or
other contract; sometimes by suit, as when he disaffirms a contract made for the
sale of his chattels, and sues for the chattels; sometimes by a writ of error, as when
he has levied a fine during his nonage; sometimes by a writ of audita querela, as

when he has acknowledged a recognizance, or statute, staple, or merchant; sometimes, as in the case of an alienation of his estate, by a writ of entry, dum suit infra ætatem, after his arrival at age.

Where the act of the infant is by matter of record, he must avoid it by some act of record (as, for instance, by a writ of error, or an audita querela) during his minority. But if the act of the infant is a matter in pais, it may be avoided by an act in pais of equal solemnity or notoriety: and this, according to some authorities, either during his nonage, or afterwards; and according to others, at all events, after his arrival of age.

The deed of B. to E. G. M., being of as high a nature as the original deed to W., was a valid disaffirmance of the first deed

In many cases, the disaffirmance of a deed, made during infancy, is a fraud upon the other party. But this has never been held to be sufficient to avoid the disaffirmance; for it would otherwise take away the very protection, which the law intends to throw around him to guard him from the effects of his folly, rashness, and misconduct.

IN error to the circuit court of the District of Columbia, in the county of Washington.

An action of ejectment was instituted in the circuit court, for the recovery of certain real estate in the city of Washington, claimed by the plaintiffs in error, under a deed executed by Richard N. Barry, on the first day of December 1831, to Richard Wallach.

The deed recited that Richard N. Barry and George Bing stood indebted to Tucker and Thompson, of the city of Washington, in the sum of $3,238, for which they had passed to them their joint and several promissory note, payable in six months; and to secure the payment of which note, with the interest, in twelve months, Richard N. Barry had agreed to execute the same. The deed, then, conveyed to Richard Wallach and his heirs, the property in controversy; in trust, to sell and dispose of the same, and after appropriating the proceeds of the sale to the payment of the debt and interest, and expenses of sale, to pay over the residue to the grantor. It also contained covenants on the part of Barry to keep the buildings on the premises ensured against loss by fire, and to transfer the policies to the trustee; and for further or other deeds of conveyance to the purchasers of the premises, in order to carry the purposes of the trust into complete effect.

The defendant derived title to the same property under a deed of indenture, executed by the same Richard N. Barry, on the 8th of February 1833, by which the premises in controversy and

other lots of ground were conveyed to her, she being the mother of Richard N Barry, " in consideration of the sum of $1,138 61, which he owed to the said Eliza G. Moreland, for the recovery of which she had instituted a suit in the circuit court of the United States for the District of Columbia, and of other sums of money by her to him from time to time paid and advanced, a particular account of which had not been kept."

On the trial of the cause, it was admitted that Barry was seized in fee of the premises, when he executed the deed to Richard Wallach; and that after the execution thereof, he continued in possession until the 8th of February 1833, when the deed to the defendant was made, and which deed was duly recorded.

Evidence was also given by the defendant, tending to prove that under the deed to her, she took possession of the premises, and continued to hold possession of the same up to the time of the trial of the cause.

The plaintiffs gave evidence to the jury to prove that Richard Wallach, the trustee mentioned in the before-mentioned deed of trust, duly advertised the sale of the lot and premises in the declaration mentioned, and sold the same to the plaintiffs on the 23d of February 1833; and made to them a deed for the same on the 7th day of March 1833.

The defendant gave evidence to prove that at the time of the sale made by Richard Wallach as aforesaid, the said defendant gave public notice of her title to the said lot and premises, and there publicly claimed the same as of her absolute right.

Upon which said evidence, so admitted and given, the counsel for the defendant prayed the court to instruct the jury ; that if they believed the evidence so admitted and given as aforesaid to be true, that then they ought to find their verdict for the defendant : which instruction the court refused to give.

To this refusal the defendant excepted.

In addition to the evidence given as aforesaid, the defendant gave evidence to the jury to prove that at the time the said Richard Barry made and executed his deed as herein before mentioned to Richard Wallach, of the 1st of December 1831, he the said Richard Barry was an infant under the age of twenty-one years, and that at the time he made his deed to the defend-

[Tucker et al. v. Moreland.]

ant of the 8th of February 1833, before mentioned, he the said Richard Barry was of full age, that is to say, upwards of twenty-one years of age.

Whereupon the counsel for the defendant prayed the court to instruct the jury; that if, upon the whole evidence aforesaid, so given to the jury, they should believe the facts to be as stated as aforesaid; then the deed from the said Richard Wallach to the plaintiffs, as herein before mentioned, does not convey to the said plaintiffs any title which would enable them to sustain this action.

Which instruction the court gave, and to which the plaintiffs, by their counsel, excepted.

The plaintiff, further to maintain and prove the issue on his side, then gave in evidence, by competent witnesses, facts tending to prove that the said Richard N. Barry had attained the full age of twenty-one years on the fourteenth day of September 1831; and that in the month of November 1831, the said defendant, who was the mother of the said Richard, did assert and declare that said Richard was born on the 14th day of September 1810; and that she did assert to Dr. McWilliams, a competent and credible witness, who deposed to said facts, and who was the accoucher attending on her at the period of the birth of her said son, that such birth actually occurred on the said 14th of September 1810; and applied to said Dr. McWilliams to give a certificate and deposition that the said day was the true date of the said birth. The counsel of the plaintiffs requested the court to instruct the jury—

1. That if the jury shall believe, from the said evidence, that the said Richard N. Barry was of full age and above the age of twenty-one years at the time of the execution of said deed to said Wallach, or if the defendant shall have failed to satisfy the jury from the evidence that said Barry was, at the said date, an infant under twenty-one years, that then the plaintiff is entitled to recover.

2. Or if the jury shall believe, from the said evidence, that if said Richard was under age at the time of the execution of said deed, that he did, after his arrival at age, voluntarily and deliberately recognise the same as an actual conveyance of his

[Tucker et al. v. Moreland.]

right, or during a period of several months acquiesce in the same without objection; that then said deed cannot now be impeached on account of the minority of the grantor.

3. That the said deed from the said Richard N. Barry to the defendant, being made to her with full notice of said previous deed to said Wallach, and including other and valuable property; is not so inconsistent with said first deed as to amount to a disaffirmance of the same.

4. That, from the relative positions of the parties to said deed to defendant, at and previous to its execution, and from the circumstances attending it, the jury may infer that the same was fraudulent and void.

5. That if the lessors of plaintiff were induced, by the acts and declarations of defendant, to give a full consideration for said deed to Wallach, and to accept such deed as a full and only security for the debt, bona fide, due to them, and property bona fide advanced by them, and to believe that the said security was valid and effective; that then it is not competent for said defendant, in this action, to question or deny the title of said plaintiff under said deed; whether the said acts and declarations were made fraudulently, and for the purpose of practising deception; or whether said defendant from any cause wilfully misrepresented the truth.

Whereupon, the court gave the first of the said instructions so prayed as aforesaid, and refused to give the others.

To which refusal the council for the plaintiff excepted.

The court having refused the 2d, 3d, 4th, and 5th instructions prayed by the plaintiff, and the council, in opening his case to the jury, contending that the questions presented by the said instructions were open to the consideration of the jury, the counsel for the defendant thereupon prayed the court to instruct the jury, that if, from the evidence so as aforesaid given to the jury, and stated then, prayers for the said instructions, they should be of opinioin that the said Richard was under the age of twenty-one years at the time he made his deed, as aforesaid to the said Richard Wallach, under whom the plaintiffs claim their title in this case; and that at the time he made his deed, as herein before mentioned to the defendant, he was of full age, that such last-

[Tucker et al. v. Moreland.]

mentioned deed was a disaffirmance of his preceding deed to him, the said Richard Wallach; and that, in such case, the jury ought to find their verdict for the defendant; and that the evidence upon which the 2d, 3d, 4th, and 5th instructions were prayed by the plaintiff as aforesaid, which evidence is set forth in the instructions so prayed, is not competent in law to authorize the jury to find a verdict for the plaintiff upon any of the grounds, or for any of the reasons set forth in the said prayers; or to authorize them to find a verdict for the plaintiff, if they should be of opinion that the said Richard Barry was under the age of twenty-one years, at the time he made his deed as aforesaid to the said Richard Wallach.

Which instruction the court gave, as prayed; and the counsel for the plaintiffs excepted thereto.

The plaintiffs prosecuted this writ of error.

The case was argued by Coxe for the plaintiff in error, and by Mr. Swann and Mr. Bradley for the defendant.

For the plaintiffs, it was contended that the circuit court erred in giving the instructions prayed by the defendant, and in refusing the instructions prayed by the plaintiff. That the deed of an infant is not void, but merely voidable. That there was competent and sufficient evidence before the jury from which they might infer that if the grantor, Richard N. Barry, was in fact an infant at the date of the deed to Richard Wallach, he had affirmed the deed after he came of age. If the grantor, Richard N. Barry, was at the date of the deed to Richard Wallach an infant, the defendant was guilty of a fraud; of which he could not avail himself to defeat the recovery of the plaintiffs in this action.

The circuit court erred in considering the acts of an infant, which are voidable by him on attaining full age, absolutely void in themselves. The acts of an infant are voidable, not void; cited 3 Burr. 1794; S. C. 1 Sir Wm. Black. 575.

If an infant does an act which is voidable, he cannot recall it without repaying the consideration he received for the first conveyance. He can only reinstate himself, by reinstating the person from whom he claims what he had conveyed to him in all he

[Tucker et al. v. Moreland.]

had obtained from him.   The disposition of court to restrain the power of infants within this rule, has been manifested by the later decisions of courts, in which such questions have been decided. The protection of infants which courts have given is a shield of defence, and is not to be used as a weapon to injure others; cited 7 Cowan. 179, 181 ; 15 Mass. 359 ; 13 Mass. 37 ; 2 Evan's Pothier, note 26.

But whatever may be the power of Barry over the deed executed to Mr. Wallach ; the defendant cannot avail herself of the infancy of her son to sustain a title derived from him against one held under the deed of trust.   She had excluded herself from denying the full age of her son, by asserting that it existed before he made the deed of trust, and procuring it to be admitted by the orphans' court ; when Barry claimed, and, under the authority of that court, obtained the possession of his property, as being of full age.

The plaintiff had a right to submit these facts, and to have the benefit of them before the jury ; and this was denied to him by the circuit court.

Mr. Bradley and Mr. Swann, for the defendant, denied that the case of Zouch v. Parsons, (3 Burr. 1794,) sustained the principle claimed under it by the plaintiffs' counsel.   That case had no application to such a conveyance as was made to Mr. Wallach ; which was a deed creating a trust, with covenants into which an infant cannot enter.   The authority of the case of Zouch v. Parsons has been questioned and denied, (2 Preston on Conveyancing, 24.)

But if the deed to Mr. Wallach was only voidable, full evidence of its disaffirmance is given by the execution of the deed to the defendant ; which contains a covenant of warranty, as well as a covenant of title.   He was in possession when he executed this conveyance.   To show how a deed given by an infant can be avoided when he attains full age, cited 14 John. Rep. 124. In all cases of affirmance of his acts while an infant, on his attaining full age, his affirmance must be express : cited 1 John. Cases 127.   The cases show that a deed of bargain and sale given by an infant, may be disaffirmed by a deed of bargain and sale when

he attains full age.   In the case before the court, more has been done : a deed has been executed with covenants of warranty and title; the grantee has had possession even since the conveyance.

The charge of fraud could not be sustained.  At the time of the application to the orphans' court, a mistake was made as to the age of Richard N. Barry, which was afterwards discovered.  But the plaintiffs cannot avail themselves of those circumstances.  The validity of the deed of trust depended on the age of the grantor ; and this was the question properly before the court and jury. The deed to the defendant was given for a fair and valuable consideration, and it is a valid deed; if, when the prior deed was executed, the grantor was an infant.  To this extent, and no more, were the instructions of the circuit court given ; and they are sustained by the soundest principles of law.

Mr. Justice STORY delivered the opinion of the Court.

This is a writ of error to the circuit court for the county of Washington, and District of Columbia.

The original action was an ejectment brought by the plaintiff in error against the defendant in error; and both parties claimed title under Richard N. Barry.  At the trial of the cause upon the general issue, it was admitted, that Richard N. Barry, being seized in fee of the premises sued for, on the first day of December 1831, executed a deed thereof to Richard Wallach.  The deed, after reciting that Barry and one Bing were indebted to Tucker and Thompson in the sum of three thousand two hundred and thirty-eight dollars, for which they had given their promissory note, payable in six months after date, to secure which the conveyance was to be made, conveyed the premises to Wallach, in trust to sell the same in case the debt should remain unpaid ten days after the first day of December then next.  The same were accordingly sold by Wallach, for default of payment of the note, on the 23d of February 1833, and were bought at the sale by Tucker and Thompson, who received a deed of the same, on the 7th of March of the same year.  It was admitted, that after the execution of the deed of Barry to Wallach, the former continued in possession of the premises until the 8th of February 1833, when he exe-

cuted' a deed, including the same and other parcels of land, to his mother, Eliza G. Moreland, the defendant, in consideration (as recited in the deed) of the sum of one thousand one hundred and thirty-eight dollars and sixty-one cents, which he owed his mother; for the recovery of which she had instituted a suit against him, and of other sums advanced him, a particular account of which had not been kept, and of the further sum of five dollars. . At the time of the sale of Wallach, the defendant gave public notice of her title to the premises, and she publicly claimed the same as her absolute right. The defendant further gave evidence at the trial, to prove that at the time of the execution of the deed by Barry to Wallach, he, Barry, was an infant under twenty-one years of age; and at the time of the execution of the deed to the defendant, he was of the full age of twenty-one years.

Upon this state of the evidence, the counsel for the defendant prayed the court to instruct the jury, that if upon the whole evidence given as aforesaid to the jury, they should believe the facts to be as stated as aforesaid, then the deed from the said Wallach to the plaintiffs, did not convey to the plaintiffs any title, which would enable them to sustain the action. This instruction the court gave; and this constitutes the exception now relied on by the plaintiff in error in his first bill of exceptions.

Some criticism has been made upon the language, in which this instruction is couched. But, in substance, it raises the question, which has been so fully argued at the bar, as to the validity of the plaintiffs' title to recover ; if Barry was an infant at the time of the execution of his deed to Wallach. If that deed was originally void, by reason of Barry's infancy, then the plaintiff, who must recover upon the strength of his own title, fails in that title. If, on the other hand, that deed was voidable only, and not void, and yet it has been avoided by the subsequent conveyance to the defendant by Barry; then the same conclusion follows. And these, accordingly, are the considerations, which are presented under the present instruction.

In regard to the point, whether the deed of lands by an infant is void or voidable at the common law, no inconsiderable diversity of opinion is to be found in the authorities. That

[Tucker et al. v. Moreland.]

some deeds or instruments under seal of an infant are void, and others voidable, and others valid and absolutely obligatory, is not doubted.    Thus, a single bill under seal given by an infant for necessaries, is absolutely binding upon him ; a bond with a penalty for necessaries is void, as apparently to his prejudice ; and a lease reserving rent is voidable only.(*a*)    The difficulty is in ascertaining the true principle, upon which these distinctions depend.    Lord Mansfield, in Zouch v. Parsons, ( 3 Burr. 1804,) said, that it was not settled, what is the true ground upon which an infant's deed is voidable only; whether the solemnity of the instrument is sufficient, or it depends upon the semblance of benefit from the matter of the deed upon the face of it. Lord Mansfield, upon a full examination of the authorities on this occasion, came to the conclusion (in which the other judges of the court of King's bench concurred) that it was the solemnity of the instrument, and delivery by the infant himself, and not the semblance of benefit to him, that constituted the true line of distinction between void and voidable deeds of the infant.    But he admitted, that there were respectable sayings the other way.    The point was held by the court not necessary to the determination of that case ; because in that case the circumstances showed, that there was a semblance of benefit sufficient to make the deed voidable only, upon the matter of the conveyance.    There can be little doubt, that the decision in Zouch v. Parsons was perfectly correct; for it was the case of an infant mortgagee, releasing by a lease and release his title to the premises, upon the payment of the mortgage money by a second mortgagee, with the consent of the mortgagor.    It was precisely such an act as the infant was bound to do ; and would have been compelled to do by a court of equity, as a trustee of the mortgagor.    And certainly it was for his interest to do, what a court of equity would by a suit have compelled him to do.(*b*)

Upon this occasion, Lord Mansfield and the court approved of

(*a*) See Russell v. Lee, 1 Lev. 86; Fisher v. Mowbray, 8 East. R. 330; Baylis v. Dincley, 3 M. & Selw. 470. Co. Litt. 172. a.

(*b*) See ——— v. Handcock, 17 Ves. 383. 1 Fonbl. Eq. B. 1. ch. 2. S. 5. and Notes. Co. Litt. 172. (*a.*) Com. Dig. Infant, B. 5.

the law as laid down by Perkins, (Sect. 12,) that "all such gifts, grants, or deeds made by infants, which do not take effect by delivery of his hand are void. But all gifts, grants, or deeds made by infants by matter of deed or in writing, which do take effect by delivery of his hand are voidable by himself, by his heirs, and by those who have his estate." And in Lord Mansfield's view, the words "which do take effect," are an essential part of the definition; and exclude letters of attorney, or deeds, which delegate a mere power and convey no interest.(*a*) So that, according to Lord Mansfield's opinion, there is no difference between a feoffment and any deeds which convey an interest. In each case, if the infant makes no feoffment or delivers no deed in person, it takes effect by such delivery of his hand, and is voidable only. But if either be done by a letter of attorney from the infant, it is void, for it does not take effect by a delivery of his hand.

There are other authorities, however, which are at variance with this doctrine of Lord Mansfield, and which put a different interpretation upon the language of Perkins. According to the latter, the semblance of benefit to the infant or not, is the true ground of holding his deed voidable or void. That it makes no difference, whether the deed be delivered by his own hand or not; but whether it be for his benefit or not. If the former, then it is voidable; if the latter, then it is void. And that Perkins, in the passage above stated, in speaking of gifts and grants taking effect by the delivery of the infant's hand, did not refer to the delivery of the deed, but to the delivery of the thing granted; as, for instance, in the case of a feoffment to a delivery of seisin by the infant personally; and in case of chattels, by a delivery of the same by his own hand. This is the sense in which the doctrine of Perkins is laid down in Sheppard's Touchstone, 232. Of this latter opinion, also, are some other highly respectable text writers;(*b*) and, perhaps, the weight of author-

(*a*) See Saunders v. Mann, 1 H. Black, 75.

(*b*) See Preston on Conveyancing, 248 to 250; Com. Dig. Enfant. c. 2; Shep. Touch. 232, and Acherly's note; Bac. Abridg. Infancy. I. 3; English Law Journal for 1804, p. 145; 8 Amer. Jurist, 327. But see 1 Powell on Mortg. by Coventry, note to p. 208; Zouch v. Parsons, 1 W. Black. 575; Ellsley's notes, (*h*) and (*v*); Co. Litt. 51. 6, Harg. note, 331; Holmes v. Blogg. 8 Taunt. 50b; 1 Fonbl. Eq. b. 1. ch. 11. s. 3, and notes (*y*) (*z*) (*a*) (*b*.)

[Tucker et al. v. Moreland.]

ity, antecedent to the decision in Zouch v. Parsons, inclined in
the same way, Lord Chief Justice Eyre, in Keane v. Boycott,
( 2 Hen. Black. 515,) alluded to this distinction in the following.
terms: After having corrected the generality of some expressions
in Litt. s. 259, he added : " We have seen that some contracts
of infants, even by deed, shall bind them; some are merely
void, namely, such as the court can pronounce to be to their pre-
judice ; others, and the most numerous class, of a more uncer-
tain nature as to benefit or prejudice, are voidable only ; and it
is in the election of the infant to affirm them or not.   In Roll.
Abridg. title Enfants, (1 Roll. Abridg. 728,) and in Com. Dig.
under the same title, instances are put of the three different
kinds, of good, void, and voidable contracts.   Where the con-
tract is by deed, and not apparently to the prejudice of the infant,
Comyns states it as a rule, that the infant cannot plead non est
factum, but must plead his infancy.   It is his deed; but this
is a mode of disaffirming it.   He, indeed, states the rule gene-
rally ; but I limit it to that case, in order to reconcile the doc-
trine of void and voidable contracts."   A doctrine of the same
sort was held by the court in Thompson v. Leach, 3 Mod. 310 ;
in Fisher v. Mowbray, 8 East 330; and Baylis v. Dineley,
3 M. & Selw. 477.   In the two last cases, the court held, that an
infant cannot bind himself in a bond with a penalty, and espe-
cially to pay interest.   In the case of Baylis v. Dineley, Lord
Ellenborough said: " In the case of the infant lessor, that
being a lease, rendering rent, imported on the face of it a benefit
to the infant; and his accepting the rent at full age was con-
clusive that it was for his benefit.   But how do these authorities
affect a case, like the present, where it is clear upon the face of
the instrument that it is to the prejudice of the infant, for it is an
obligation with a penalty, and for the payment of interest ?   Is
there any authority to show, that if, upon looking to the instru-
ment, the court can clearly pronounce, that it is to the infant's
prejudice, they will, nevertheless, suffer it to be set up by matter
ex post facto after full age ?"   And then, after commenting on
Keane v. Baycott, and Fisher v. Mowbray, he added : " In
Zouch v. Parsons, where this subject was much considered, I
find nothing, which tends to show, that an infant may bind himself

to his prejudice.   It is the privilege of the infant, that he shall
not; and we should be breaking down the protection, which the
law has cast around him, if we were to give effect to a confir-
mation by parol of a deed, like this, made during his infancy."

It is apparent, then, upon the English authorities, that how-
ever true it may be, that an infant may so far bind himself by
deed in certain cases, as that in consequence of the solemnity of
the instrument it is voidable only, and not void; yet that the
instrument, however solemn, is held to be void, if upon its face
it is apparent, that it is to the prejudice of the infant.  This dis-
tinction, if admitted, would go far to reconcile all the cases; for
it would decide, that a deed by virtue of its solemnity should be
voidable only, unless it appeared on its face to be to his preju-
dice, in which case it would be void. (a)

The same question has undergone no inconsiderable discussion
in the American courts.  In Oliver v. Hendlet, 13 Mass. Rep.
239, the court seemed to think the true rule to be, that those acts
of an infant are void, which not only apparently but necessarily
operate to his prejudice.   In Whitney v. Dutch, 14 Mass. Rep.
462, the same court said, that whenever the act done may be for
the benefit of the infant, it shall not be considered void; but that
he shall have his election, when he comes of age, to affirm or
avoid it.   And they added, that this was the only clear and def-
inite proposition, which can be extracted from the authorities. (b)
In Conroe v. Birdsall, 1 John. Cas. 127, the court approved of
the doctrine of Perkins, § 12, as it was interpreted and adopted
in Zouch v. Parsons; and in the late case of Roof v. Stafford,
7 Cowen's Rep. 180, 181, the same doctrine was fully recog-
nised.   But in an intermediate case, Jackson v. Burchin, 14 John.
Rep. 126, the court doubted, whether a bargain and sale of lands
by an infant was a valid deed to pass the land, as it would make
him stand seised to the use of another.  And that doubt was well
warranted by what is laid down in 2 Inst. 673, where it is said,
that if an infant bargain and sell lands, which are in the realty,
by deed indented and enrolled, he may avoid it when he will,
for the deed was of no effect to raise a use.

(a) See Bac. Abridg. Infancy and Age, I. 3., I. 7.
(b) See Boston Bank v. Chamberlain, 15 Mass. Rep. 220.

The result of the American decisions has been correctly stated by Mr. Chancellor Kent, in his learned Commentaries, (2 Com. Lect. 31,) to be, that they are in favor of construing the acts and contracts of infants generally to be voidable only, and not void, and subject to their election, when they become of age, either to affirm or disallow them; and that the doctrine of Zouch v. Parsons has been recognised and adopted as law. It may be added, that they seem generally to hold, that the deed of an infant conveying lands is voidable only, and not void; unless, perhaps, the deed should manifestly appear on the face of it to be to the prejudice of the infant; and this upon the nature and solemnity, as well as the operation of the instrument.

It is not, however, necessary for us in this case to decide whether the present deed, either from its being a deed of bargain and sale, or from its nature, as creating a trust for a sale of the estate, or from the other circumstances of the case, is to be deemed void, or voidable only. For if it be voidable only, and has been avoided by the infant, then the same result will follow, that the plaintiff's title is gone.

Let us, then, proceed to the consideration of the other point, whether, supposing the deed to Wallach to be voidable only, it has been avoided by the subsequent deed of Barry to Mrs. Moreland. There is no doubt, that an infant may avoid his act, deed, or contract, by different means, according to the nature of the act, and the circumstances of the case. He may sometimes avoid it by matter in pais, as in case of a feoffment by an entry, if his entry is not tolled; sometimes by plea, as when he is sued upon his bond or other contract; sometimes by suit, as when he disaffirms a contract made for the sale of his chattels, and sues for the chattels; sometimes by a writ of error, as when he has levied a fine during his nonage; sometimes by a writ of audita querela, as when he has acknowledged a recognizance or statute staple or merchant;(a) sometimes, as in the case of an alienation of his estate during his nonage by a writ of entry, dum suit infra ætatem, after his arrival of age. The general result seems to be that where the act of the infant is by matter of record, he

(a) See Com. Dig. Enfant, B. 1, 2, C. 2, 3, 4, 5, 8, 9, 11; 2 Inst. 673; 2 Kent Comm. sect. 31; Bac. Abridg. Infancy and Age, I. 5, I. 7.

[Tucker et al. v. Moreland.]

must avoid it by some act of record, (as for instance, by a writ of error, or an audita querela) during his minority. But if the act of the infant is a matter in pais, it may be avoided by an act in pais of equal solemnity or notoriety; and this, according to some authorities, either during his nonage or afterwards; and according to others, at all events, after his arrival of age.(*a*) In Co. Litt. 380, b., it is said, "Herein a diversity is to be observed between matters of record done or suffered by an infant, and matters in fait; for matters in fait he shall avoid either within age or at full age, as hath been said; but matters of record, as statutes, merchants, and of the staple, recognizances acknowledged by him, or a fine levied by him, recovery against him, &c. must be avoided by him, viz. statutes, &c. by audita querela; and the fine and recovery by a writ of error during his minority, and the like." In short, the nature of the original act or conveyance generally governs, as to the nature of the act required to be done in the disaffirmance of it. If the latter be of as high and solemn a nature as the former, it amounts to a valid avoidance of it. We do not mean to say, that in all cases the act of disaffirmance should be of the same, or of as high and solemn a nature as the original act; for a deed may be avoided by a plea. But we mean only to say, that if the act of disaffirmance be of as high and solemn a nature, there is no ground to impeach its sufficiency. Lord Ellenborough in Baylis v. Dineley, (3 Maule and Selw. 481, 482,( held a parol confirmation of a bond given by an infant after he came of age to be invalid; insisting that it should be by something amounting to an estoppel in law, of as high authority as the deed itself; but that the same deed might be avoided by the plea of infancy. There are cases, however, in which a confirmation may be good without being by deed; as in case of a lease by an infant, and his receiving rent after he came of age.(*b*.)

The question then is, whether, in the present case, the deed to Mrs. Moreland, being of as high and solemn a nature as the original deed to Wallach; is not a valid disaffirmance of it. We think it is. If it was a voidable conveyance which had passed

(*a*) See Bac. Abridg. Infancy and Age, I. 3, I. 5, I. 7; Zouch v. Parsons, 3 Burr. 1794; Roof v. Stafford, 7 Cowen R. 179, 183; Com. Dig. Enfant, C. 9, C. 4, C. 11.
(*b*) See Bac. Abridg. Infancy and Age, I. 8.

[Tucker et al. v. Moreland.]

the seisin and possession to Wallach, and he had remained in possession, it might, like a feoffment, have been avoided by an entry by an infant after he came of age.(a)   But in point of fact Barry remained in possession; and therefore he could not enter upon himself.   And when he conveyed to Mrs. Moreland, being in possession, he must be deemed to assert his original interest in the land, and to pass it in the same manner as if he had entered upon the land and delivered the deed thereon, if the same had been in an adverse possession.

The cases of Jackson v. Carpenter (11 John. R. 539,) and Jackson v. Burchin (14 John. R. 124,) are directly in point, and proceed upon principles, which are in perfect coincidence with the common law, and are entirely satisfactory.   Indeed, they go farther than the circumstances of the present case require; for they dispense with an entry where the possession was out of the party when he made the second deed.   In Jackson v. Burchin the court said, that it would seem not only upon principle but authority, that the infant can manifest his dissent in the same way and manner by which he first assented to convey.   If he has given livery of seisin, he must do an act of equal notoriety to disaffirm the first act; he must enter on the land and make known his dissent.   If he has conveyed by bargain and sale, then a second deed of bargain and sale will be equally solemn and notorious in disaffirmance of the first.(b)   We know of no authority or principle, which contradicts this doctrine.   It seems founded in good sense, and follows out the principle of notoriety of disaffirmance in the case of a feoffment by an entry; that is, by an act of equal notoriety and solemnity with the original act. The case of Frost v. Wolverton, (1 Strange 94,) seems to have proceeded on this principle.

Upon these grounds we are of opinion, that the deed of Barry to Mrs. Moreland was a complete disaffirmance and avoidance of his prior deed to Wallach; and consequently, the instruction given by the circuit court was unexceptionable.   To give effect to

(a) See Inhabitants of Worcester v. Eaton, 13 Mass. R. 375; Whitney v. Dutch, 14 Mass. R. 462.

(b) See the same point, 2 Kent. Comm. sect. 31.

such disaffirmance, it was not necessary, that the infant should first place the other party in statu quo.

The second bill of exceptions, taken by the plaintiff, turns upon the instructions asked upon the evidence stated therein, and scarcely admits of abbreviation.   It is as follows :

" The plaintiff, further to maintain and prove the issue on his side, then gave in evidence, by competent witnesses, facts tending to prove that the said Richard N. Barry had attained the full age of twenty-one years on the fourteenth day of September 1831 ; and that in the month of November 1831, the said defendant, who was the mother of the said Richard, did assert and declare that said Richard was born on the fourteenth day of September 1810; and that she did assert to Dr. McWilliams, a competent and credible witness, who deposed to said facts, and who was the accoucheur attending on her at the period of the birth of her said son, that such birth actually occurred on the said fourteenth of September 1810, and applied to said Dr. McWilliams to give a certificate and deposition that the said day was the true date of the birth ; and thereupon the counsel for the plaintiff requested the court to instruct the jury—

" 1. That, if the said jury shall believe, from the said evidence, that the said Richard N. Barry was of full age, and above the age of twenty-one years, at the time of the execution of said deed to said Wallach, or if the defendant shall have failed to satisfy the jury from the evidence that said Barry was, at the said date, an infant under twenty-one years, that then the plaintiff is entitled to recover.

" 2. Or if the jury shall believe, from the said evidence, that if said Richard was under age at the time of the execution of said deed, that he did, after his arrival at age, voluntarily and deliberately recognise the same as an actual conveyance of his right, or during a period of several months acquiesce in the same without objection, that then the said deed cannot now be impeached on account of the minority of the grantor.

" 3. That the said deed from the said Richard N. Barry to the defendant, being made to her with full notice of said previous deed to said Wallach, and including other and valuable property, is not so inconsistent with said first deed as to amount to a disaffirmance of the same.

[Tucker et al. v. Moreland.]

" 4. That, from the relative position of the parties to said deed to defendant, at and previous to its execution, and from the circumstances attending it, the jury may infer that the same was fraudulent and void.

" 5. That if the lessors of plaintiff were induced, by the acts and declarations of said defendant, to give a full consideration for said deed to Wallach, and to accept said deed as a full and only security for the debt bona fide due to them, and property bona fide advanced by them, and to believe that the said security was valid and effective, that then it is not competent for said defendant in this action to question or deny the title of said plaintiff under said deed, whether the said acts and declarations were made fraudulently, and for the purpose of practising deception, or whether said defendant, from any cause, wilfully misrepresented the truth.

" Whereupon, the court gave the first of the said instructions so prayed as aforesaid; and refused to give the others.

" To which refusal the counsel for the plaintiff excepted."

The first instruction, being given by the court, is of course excluded from our consideration on the present writ of error. The second instruction is objectionable on several accounts. In the first place, it assumes, as matter of law, that a voluntary and deliberate recognition by a person after his arrival at age, of an actual conveyance of his right during his non-age, amounts to a confirmation of such conveyance. In the next place, that a mere acquiescence in the same conveyance, without objection, for several months after his arrival at age, is also a confirmation of it. In our judgment, neither proposition is maintainable. The mere recognition of the fac  that a conveyance has been made, is not, per se, proof of a confirmation of it. Lord Ellenborough, in Baylis v. Dineley (3 M. & Selw. 482,) was of opinion, that an act of as high a solemnity as the original act was necessary to a confirmation. " We cannot (said he) surrender the interests of the infant into such hands as he may chance to get. It appears to me, that we should be doing so in this case, (that of a deed,) unless we required the act after full age to be of as great a solemnity as the original instrument." Without undertaking to apply this doctrine to its full extent, and admitting that acts

[Tucker et al. v. Moreland.]

in pais may amount to a confirmation of a deed, still we are of opinion, that these acts should be of such a solemn and unequivocal nature as to establish a clear intention to confirm the deed, after a full knowledge, that it was voidable. (a) *A fortiori*, mere acquiescence, uncoupled with any acts demonstrative of an intent to confirm it, would be insufficient for the purpose. In Jackson v. Carpenter, (11 Johns. R. 542, 543,) the court held, that an acquiescence by the grantor in a conveyance made during his infancy, for eleven years after he came of age, did not amount to a confirmation of that conveyance; that some positive act was necessary, evincing his assent to the conveyance. In Austin v. Patton, (11 Serg. & Rawle. 311,) the court held, that to constitute a confirmation of a conveyance or contract by an infant, after he arrives of age, there must be some distinct act, by which he either receives a benefit from the contract after he arrives at age, or does some act of express ratification. There is much good sense in these decisions, and they are indispensable to a just support of the rights of infants according to the common law. Besides; in the present case, as Barry was in possession of the premises during the whole period until the execution of his deed to Mrs. Moreland, there was no evidence to justify the jury in drawing any inference of any intentional acquiescence in the validity of the deed to Wallach.

The third instruction is, for the reasons already stated, unmaintainable. The deed to Mrs. Moreland contains a conveyance of the very land in controversy, with a warranty of the title against all persons claiming under him, (Barry,) and a covenant, that he had good right and title to convey the same and, therefore, is a positive disaffirmance of the former deed.

The fourth instruction proceeds upon the supposition, that if the deed to Mrs. Moreland was fraudulent betwe n the parties to it, it was utterly void, and not merely voidable. But it is clear, that between the parties it would be binding, and available; however, as to the persons whom it was intended to defraud, it might be voidable. Even, if it was made for the very purpose of defeating the conveyance to Wallach, and was a mere con-

(a) See Boston Bank v. Chamberlin, 15 Mass. Rep. 220.

trivance for this purpose, it was still an act competent to be done by Barry, and amounted to a disaffirmance of the conveyance to Wallach. In many cases, the disaffirmance of a deed made during infancy, is a fraud upon the other party. But this has never been held sufficient to avoid the disaffirmance, for it would otherwise take away the very protection, which the law intends to throw round him to guard him from the effects of his folly, rashness, and misconduct. In Saunderson v. Marr, (1 H. Bl. 75,) it was held, that a warrant of attorney, given by an infant, although there appeared circumstances of fraud on his part, was utterly void, even though the application was made to the equity side of the court, to set aside a judgment founded on it. So, in Conroe v. Birdsall, (1 John. Cas. 127,) a bond made by an infant, who declared at the time, that he was of age, was held void, notwithstanding his fraudulent declaration; for the court said that a different decision would endanger all the rights of infants. A similar doctrine was held by the court in Austin v. Patton, (11 Serg. & Rawle. 309, 310.) Indeed, the same doctrine is to be found affirmed more than a century and a half ago, in Johnson v. Pie, (1 Lev. 169; S. C. 1 Sid. 258; 1 Kebb. 995, 913. (a)

But what are the facts, on which the instruction relies as proof of the deed to Mrs. Moreland being fraudulent and void? They are "the relative positions of the parties to said deed, at and previous to its execution:" that is to say, the relation of mother and son; and the fact that she had then instituted a suit against him, and arrested him, and held him to bail, as stated in the evidence; and "from the circumstances attending the execution of it;" that is to say, that Mrs. Moreland was informed by Barry, before his deed to her, that he had so conveyed the said property to Wallach, and that subsequently, and with such knowledge, she prevailed on Barry to execute to her the same conveyance. Now, certainly, these facts, alone, could not justly authorize a conclusion, that the conveyance to Mrs. Moreland was fraudulent and void; for she might be a *bona fide* creditor of her son. And the consideration averred in that conveyance showed her to be a creditor, if it was truly stated, (and there

(a) See Bac. Abridg. Infancy and Age. H. 2 Kent. Comment. Lect. 31.

was no evidence to contradict it;) and if she was a creditor, then she had a legal right to sue her son, and there was no fraud in prevailing on him to give a deed to satisfy that debt. It is probable, that the instruction was designed to cover all the other facts stated in the bill of exceptions, though in its actual terms it does not seem to comprehend them. But, if it did, we are of opinion, that the jury would not have been justified in inferring, that the deed was fraudulent and void. In the first place, the proceedings in the orphans' court may, for aught that appears, have been in good faith; and under an innocent mistake of a year of the actual age of Barry. In the next place, if not so, still the mother and the son were not estopped in any other proceeding to set up the nonage of Barry, whatever might have been the case as to the parties and property involved in that proceeding. In the next place, there is not the slighest proof that these proceedings had, at the time, any reference to, or intended operation upon the subsequent deed made to Wallach; or that Mrs. Moreland was party to, or assisted in, the negotiations or declarations on which the deed to Wallach was founded. Certainly, without some proofs of this sort, it would be going too far to assert, that the jury might infer, that the deed to Mrs. Moreland was fraudulent. Fraud is not presumed either as a matter of law or fact, unless under circumstances not fairly susceptible of any other interpretation.

The fifth instruction was properly refused by the court, for the plain reason that there was no evidence in the case of any acts or declarations by Mrs. Moreland to the effect therein stated. It was, therefore, the common case of an instruction asked upon a mere hypothetical statement, ultra the evidence.

The third bill of exceptions is as follows:

"The court having refused the 2d, 3d, 4th, and 5th instructions prayed by the plaintiffs, and the counsel, in opening his case to the jury, contending that the questions presented by the said instructions were open to the consideration of the jury, the counsel for the defendant thereupon prayed the court to instruct the jury that, if, from the evidence so as aforesaid given to the jury, and stated in the prayers for the said instructions, they should be of opinion, that the said Richard was under

[Tucker et al. v. Moreland.]

the age of twenty-one years at the time he made his deed as aforesaid to the said Richard Wallach, under whom the plaintiffs claim their title in this case, and that at the time he made his deed as hereinbefore mentioned to the defendant, he was of full age, that such last mentioned deed was a disaffirmance of his preceding deed to him the said Richard Wallach, and that in that case the jury ought to find their verdict for the defendant, and that the evidence upon which the 2d, 3d, 4th, and 5th instructions were prayed by the plaintiff as aforesaid, which evidence is set forth in the instructions so prayed, is not competent in law to authorize the jury to find a verdict for the plaintiff upon any of the grounds or for any of the reasons set forth in the said prayers, or to authorize them to find a verdict for the plaintiff, if they should be of opinion, that the said Richard Barry was under the age of twenty-one years at the time he made his deed as aforesaid to the said Richard Wallach.

"Which instruction the court gave as prayed, and the counsel for the plaintiff excepted thereto."

It is unnecessary to do more than to state; that the bill of exceptions is completely disposed of by the considerations already mentioned. It contains no more than the converse of the propositions stated in the second bill of exceptions, and the reassertion of the instruction given by the court in the first bill of exceptions.

Upon the whole, it is the opinion of the Court, that the judgment of the circuit court ought to be affirmed with costs.