Argued 18 October, decided 4 December, 1905.

## SEED v. JENNINGS.

### 83 Pac. 872.

EVIDENCE CONSIDERED.

1. The evidence shows that the deed under consideration here was intended by the father as an absolute conveyance to his minor son, and that it was not conveyed or accepted in trust.

DEED—ADVANCEMENT—PARENT AND CHILD.

2. Property voluntarily conveyed by a parent to a child, on a purported consideration of love and affection, is presumptively an advancement, and the deed conveys the title.

CONVEYANCE BY INFANT—EFFECT OF DISAFFIRMANCE.*

3. A deed by a minor is subject to disaffirmance upon attaining majority, and if disaffirmed, such deed never becomes effective to convey the title.

FRAUDULENT CONVEYANCE—WHO ARE CREDITORS.

4. One having a right of action for damages resulting from a tort is a creditor of the wrongdoer, within the meaning of Section 5508, B. & C. Comp., declaring void as to creditors all conveyances made to hinder, delay or defraud creditors of their lawful suits, damages or demands.

RIGHT OF SUIT TO SET ASIDE FRAUDULENT CONVEYANCE.

5. To enable a creditor to maintain a suit to set aside a conveyance by his debtor as fraudulent, he must show an unsatisfied judgment or an attachment upon a cause of action existing at the time of the conveyance, or on a cause of action arising subsequent thereto, in which latter case the conveyance must be shown to have been made with the express intention of defrauding subsequent creditors.

PRESUMPTION OF FRAUD IN VOLUNTARY CONVEYANCE.

6. Voluntary conveyances are constructively fraudulent and void as to existing creditors of the grantor, but are presumed valid as against subsequent creditors, unless impeached for actual fraud.

---

*NOTE.—See monographic note in 18 Am. St. Rep. 573-724, on Contracts of Infants.                                                      REPORTER.

EVIDÉNCE OF CAUSE OF ACTION IN A SUIT TO SET ASIDE CONVEYANCE AS CONSTRUCTIVELY FRAUDULENT.

7. The existence of a cause of action by a creditor against his debtor at the time of a voluntary conveyance of property by the latter must appear on the face of the record in the action in which the creditor recovers judgment, in order to enable such creditor to maintain a suit to set aside the conveyance as constructively fraudulent against existing creditors.

EVIDENCE OF FRAUDULENT INTENT BY GRANTOR.

8. Evidence of improper conduct on the part of the grantor in a voluntary conveyance to plaintiff, committed subsequent to such conveyance with the wife of defendant, is not sufficient to show that the conveyance was made for the purpose of hindering, delaying or defrauding defendant in the collection of any judgment which he might recover against the grantor on account of such conduct, in the absence of evidence that the grantor anticipated an action by defendant for alienation of his wife's affections, or that he had any reason for putting his property out of his hands on that account.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Statement by MR. JUSTICE BEAN.

This is a suit by John G. Seed against O. O. Jennings and others to enjoin the sale of real property in Multnomah County, on an execution issued on a judgment recovered by the defendant Jennings against John S. Seed, the father of the plaintiff. On January 4, 1901, John S. Seed was the owner of the property in controversy, and on that day he and his wife conveyed it to the plaintiff, their son, then about 18·years of age, by warranty deed for the expressed consideration of "love and affection, and one dollar," and this deed was duly recorded. Thereafter, and on or about September 1st, the plaintiff, who was about to go to Chicago for a short time, made to his father a reconveyance of the property with the knowledge, expressed however, of all the parties that the deed could be disaffirmed by him on becoming of age. This deed was not placed on record. Seed remained in possession of the property with his wife and son until about the year 1902, when he and his wife separated, since which time the property has been in the possession of the plaintiff. On July 10, 1904, the plaintiff became of age and immediately notified his father that he disaffirmed and repudiated the deed previously

47 OR.——30

made by him and demanded to have it canceled. On June 11, 1904, the defendant Jennings commenced an action at law against John S. Seed to recover damages for alienating the affections of his wife, which it was alleged occurred within one year from the filing of the complaint. Seed made default, and such proceedings were thereafter had in the action that on September 12, 1904, Jennings recovered a judgment against him for $5,000, and his costs and disbursements. An execution was issued on the judgment and the property in question seized by the sheriff, and advertised for sale, when this suit was commenced by the plaintiff to enjoin the sale on the ground that the property belonged to him, and not to his father. The defenses to the suit are, in substance: (1) That the transfer of the property by John S. Seed to the plaintiff was made in trust for the grantor, and the trust was subsequently executed by a conveyance thereof by the plaintiff; (2) that at the time of the transfer, Seed was liable in damages to Jennings for alienating the affections of his wife, and such transfer, being voluntary, and without consideration, was void as to him. The defendants had decree in the court below, and plaintiff appeals.                     REVERSED.

For appellant there was a brief over the names of *Julius Cæsar Moreland* and *W. H. Stivers*, with an oral argument by *Mr. Moreland*.

For respondents Jennings and Word there was a brief over the names of *Bronaugh & Bronaugh*, with an oral argument by *Mr. Jerry England Bronaugh*.

MR. JUSTICE BEAN delivered the opinion of the court.

1. There is no evidence to support the claim that the deed from John S. Seed to the plaintiff was made in trust for the grantor. W. A. Cleland, who drew the deed, testified that Seed said to him at the time that his arrangement with his then partner was not satisfactory, and that he was

going to close out his business and leave the country, and desired to deed the property in question to his son and another tract to his wife, "so they would be taken care of." Mrs. Seed says that prior to the making of the deed Seed had often talked of going away, and, as she was not provided for, she told him that she wanted him to give her one of the houses, and he said that he would do so, and would deed the other to the plaintiff "for his education." This is all the testimony in the record as to the purpose for which the deed was made, and clearly shows that it was intended at the time as an absolute conveyance of the land by the father to his son.

2. A voluntary conveyance of property by a parent to a child, expressed in the deed, as in this case, to be in consideration of love and affection, is presumed to be an advancement (1 Am. & Eng. Enc. Law, 2 ed. 765; *Lott* v. *Kaiser*, 61 Tex. 665); and this presumption applies here as there is no evidence to rebut it. The title of the property, therefore, passed from John S. Seed to the plaintiff.

3. As the attempted reconveyance thereof by the plaintiff, made in September, 1901, was promptly disaffirmed by him on coming of age, the title is now in him: *Tucker* v. *Moreland*, 35 U. S. (10 Pet.) 58, (9 L. Ed. 345); *Craig* v. *Van Bebber*, 100 Mo. 584 (13 S. W. 906, 18 Am. St. Rep. 662, and note); *Scranton* v. *Stewart*, 52 Ind. 68 ; *Long* v. *Williams*, 74 Ind. 115 ; *Green* v. *Green*, 69 N. Y. 553 (25 Am. Rep. 233).

4 But it is urged that, in any event, Jennings had a cause of action against Seed at the time the deed was made for alienating the affections of his wife, and was therefore in legal contemplation a creditor of Seed, and as to him the deed is void, because made voluntarily, and without consideration. Whatever the rule may be in other jurisdictions, it is the doctrine here that one having a right of action for damages against another for tort is a creditor of the wrongdoer within the meaning of Sections 5508 et seq.,

B. & C. Comp., declaring conveyances of property made
with intent to hinder, delay and defraud creditors, void
as to such creditors : *Barrett* v. *Barrett*, 5 Or. 411; *Philbrick*
v. *O'Conner*, 15 Or. 15 (13 Pac. 612, 3 Am. St. Rep. 139);
*Coolidge* v. *Heneky*, 11 Or. 327 (8 Pac. 281); *Hunsinger* v.
*Hofer*, 110 Ind. 390 (14 N. E. 463); *Farnsworth* v. *Bell*, 5
Sneed, 532, footnote.

5. To enable a creditor herein to maintain a suit to set
aside a conveyance by the debtor as fraudulent and void,
he must show an unsatisfied judgment or an attachment
upon a cause of action existing at the time of the convey-
ance (*Dawson* v. *Sims*, 14 Or. 561, 13 Pac. 506; *Clark* v.
*Anthony*, 31 Ark. 546); or on a cause of action arising sub-
sequent thereto, and that in the latter event the conveyance
was made with the express intention of defrauding subse-
quent creditors : *Crawford* v. *Beard*, 12 Or. 447 (8 Pac. 537);
*Bennett* v. *Minott*, 28 Or. 339 (39 Pac. 997, 44 Pac. 288);
*Morton* v. *Denham*, 39 Or. 227 (64 Pac. 384.)

6. A voluntary conveyance of property is constructively
void as to existing creditors (*Elfelt* v. *Hinch*, 5 Or. 255;
*Davis* v. *Davis*, 20 Or. 78, 25 Pac. 140 ; *Flynn* v. *Baisley*,
35 Or. 268, 57 Pac. 908, 45 L. R. A. 645, 76 Am. St. Rep.
495); but valid as to subsequent ones, unless impeached
for actual fraud : 14 Am. & Eng. Enc. Law (2 ed.), 309;
*Hagerman* v. *Buchanan*, 45 N. J. Eq. 292 (17 Atl. 946, 14
Am. St. Rep. 732).

7. Now, in this case the cause of action upon which Jen-
nings recovered judgment against Seed, as shown by the
record in such action, did not exist at the time of the con-
veyance by Seed to his son, nor for some time thereafter.
The record consists alone of the complaint, the order of
default and the judgment. The complaint was filed July
11, 1904, and charges an overt act, committed on July 8th,
previous, and that prior to the filing of the complaint, and
"particularly within the last year," Seed had insinuated

himself into the favor and good graces of Jennings' wife, alienating her affections; but there is no charge that this wrongdoing commenced prior to the date of the conveyance in question. To avoid a voluntary deed because fraudulent as to existing creditors, the cause of action must exist at the time the conveyance is made, and this must appear from the record in the action in which the judgment was recovered (*The Holladay Case,* C. C., 27 Fed. 830; *Goodnow* v. *Smith,* 97 Mass. 69), so that the evidence does not disclose that Jennings is entitled to have the deed set aside because the judgment recovered by him against Seed was on a cause of action existing at the time the conveyance was made.

8. Nor is there sufficient evidence to show that the deed was made for the purpose of hindering, delaying, or defrauding Jennings in the collection of any judgment he might recover against Seed on account of his subsequent conduct or to defraud any of Seed's creditors. There is no evidence that Seed was in debt in any sum at the time, nor that he has since become indebted or liable in any amount except on the judgment Jennings recovered in September, 1904. There is no testimony in the record showing or tending to show any improper conduct between Seed and Mrs. Jennings except the allegations of the complaint in the action brought by Jennings, which was taken as confessed and the testimony of plaintiff elicited on cross-examination, to the effect that a few days before the deed was made he and his mother saw Seed and Mrs. Jennings come out of a down-town building at about 11 o'clock at night, and that a personal encounter ensued between the two women and that he (witness) had seen his father and Mrs. Jennings together at the theatre, and out riding several times prior to that date. This is perhaps sufficient to show improper conduct by Seed and Mrs. Jennings, but there is no evidence that Seed anticipated an action by

Jennings on account thereof, or that he had any reason for putting his property out of his hands on that account.

It follows that upon the record before us the decree of the court below must be reversed, and one entered here in favor of plaintiff.                    .                    REVERSED.