Argued June 1, affirmed September 10, 1971

BURGOYNE, *Respondent, v.* McMILLAN ET UX,
*Appellants*
488 P2d 405

In Banc.

*Glenn D. Ramirez,* Klamath Falls, argued the cause
for appellants. With him on the briefs were Ramirez
& Hoots, Klamath Falls.

*William Ganong, Jr.,* Klamath Falls, argued the

626

cause for respondent. With him on the brief were Ernest F. Gordon and William L. Sisemore, Klamath Falls.

O'CONNELL, C. J.

This is a suit brought by the administrator of the estate of Carrell E. Weatherby to set aside certain deeds to real property as fraudulent conveyances.[1] Defendants appeal from a decree setting aside the deeds and ordering an accounting.

On May 16, 1966, Carrell E. Weatherby was hospitalized with a serious illness. Defendant Carol McMillan was summoned from her home in Las Vegas, Nevada, and on May 19, 1966, Carrell E. Weatherby executed a general power of attorney to her. Shortly thereafter, Carol McMillan withdrew approximately two thousand dollars from her father's bank account, leaving a balance of one hundred dollars. On June 15, defendant received a quitclaim deed from her mother, decedent's former wife, releasing any interest that her mother might have in the lands owned by Carrell E. Weatherby. The following day, June 16, the deeds were executed conveying all of Mr. Weatherby's real property to Carol McMillan, who signed for the grantor as his attorney in fact. Carrell E. Weatherby died on July 10, 1966. Carol McMillan made a part payment to the attending physician, Dr. Holford, on July 15, and at that time stated that her father had died without any funds. An appraiser placed the 1966 value of the land in controversy at $16,236.00.

---

[1] Suit was authorized for this purpose by ORS 116.330, which was repealed by 1969 Oregon Laws, ch 591, § 305 and replaced by ORS 114.435.

At the time of the execution of the deeds, decedent's bills for treatment exceeded six thousand dollars owed to the hospital and five hundred dollars owed to the attending physician. The final amounts of the debts were $10,755.40 to the hospital and $694.25 to the doctor.

On August 10, 1967, plaintiff was appointed administrator of the estate of the deceased pursuant to former ORS 115.310,[②] and this suit was later instituted to set aside the conveyances to Carol McMillan.

The trial court found that the deeds to defendant Carol L. McMillan were executed with the intent to delay and hinder the creditors of the decedent, Carrell E. Weatherby, and therefore were void under ORS 95.070.

We reach the same conclusion. The governing rule is stated in *Connel v. O'Connor,* 159 Or 348, 354, 80 P2d 542 (1938):

> "When a debtor conveys the whole of his estate to a near relative, ostensibly in satisfaction of his debt to the latter, it is incumbent upon the grantee, when the conveyance is attacked in a suit by creditors, to establish by satisfactory proof that there was a valuable and adequate consideration for such conveyance [citing cases]. The grantee must also point out the various items constituting the alleged consideration, when the conveyance and the circumstances under which it was made bear the semblance of an attempt to cover up the property of the debtor [citing cases]."

Defendant attempted to prove that the conveyances were made to her in satisfaction of certain alleged debts owed by the decedent to her and to her mother

---

② Repealed by 1969 Oregon Laws, ch 591, § 305.

and sister. The evidence was insufficient to support this contention. Therefore, defendants failed to meet the burden of proof cast upon them under the rule in *Connel v. O'Connor, supra.*

Defendants make other contentions which are without merit and do not deserve further comment.

The decree of the trial court is affirmed.