Argued July 5, reversed September 8, 1972

FERNANDEZ, *Appellant, v.* ZULLO ET AL, *Respondents.*

500 P2d 705

*Robert G. Chidester,* Portland, argued the cause for appellant. With him on the briefs was Nikolaus Albrecht, Portland.

*Gerald R. Pullen,* Portland, argued the cause for respondents. With him on the brief was Ernest M. Jachetta, Portland.

DENECKE, J.

The plaintiff brought this suit to set aside a deed by the defendant Domenico Zullo to his daughter, the defendant Carmella Adcock. Plaintiff contends that the conveyance was in fraud of the plaintiff as a creditor. The trial court found for the defendants, and plaintiff appeals.

On February 21, 1970, Domenico Zullo shot the plaintiff in Zullo's backyard. Zullo claimed plaintiff was attempting to burglarize his house. On March 2, 1970, plaintiff commenced an action against Zullo for damages for injuries caused by the shooting. In September 1970 Zullo conveyed his only substantial asset, his house, to his daughter, the defendant Carmella Adcock, reserving a life estate to himself. In February 1971 plaintiff was acquitted of the charge of attempted

burglary. In April 1971 plaintiff obtained a verdict for $33,000 against Zullo.

The property was appraised for taxes at $10,000. An appraiser called by plaintiff testified the value was $17,000.

The deed to the daughter recites that the "true and actual consideration paid for this transfer, stated in terms of dollars, is $2,000.00. However, the actual consideration consists of or includes other property or value given or promised which is part of the consideration." The daughter testified the $2,000 was made up of the following: a furnace purchased for her father in 1969 for $900; various appliances purchased at dates unstated, costing several hundred dollars; doctor bills, paid on dates unstated, amounting to $800; and real property taxes on the house paid from 1951 until her father became "exempt" because of age, in the amount of $1,500. In addition, she testified she had cleaned his house for about 20 years and in more recent years occasionally had him living in her house, where she took care of him.

She testified that she and her father had an oral "understanding about the house" before the shooting and that he also provided in his will that she would receive the house. This was verified by the will executed in 1954. The will devised only a nominal amount to Zullo's other two children.

The daughter also testified that her father conveyed the property to her because "he thought it would save me the cost of Probate Court." Mr. Zullo was not called as a witness. For some time he had been in poor health. He was 87 years of age.

This is a suit in equity and, therefore, tried de novo in this court; however, we do give weight to the findings of the trial court.

The trial court made findings that the daughter "did a great deal for her father" and "It was contemplated that she was to continue this for the rest of her father's days." The trial court further found: "The money advanced by her in keeping up the house, the care that defendant, Carmella Adcock, gave to her father and the contemplated expenses for the future fairly equals the value of the premises; and there was valuable and adequate consideration for this conveyance."

The trial court heard Carmella Adcock testify and we accept its findings that the value of the property furnished by the daughter and the services rendered fairly equal the value of the house; however, we cannot agree that this leads to the legal conclusion that the conveyance was for adequate and valuable consideration.

In *Burgoyne v. McMillan*, 259 Or 625, 488 P2d 405 (1971), a conveyance from a father to his daughter was attacked as being in fraud of creditors. We stated:

"* * * The governing rule is stated in Connel v. O'Connor, 159 Or. 348, 354, 80 P.2d 542, 544 (1938):

" 'When a debtor conveys the whole of his estate to a near relative, ostensibly in satisfaction of his debt to the latter, it is incumbent upon the grantee, when the conveyance is attacked in a suit by creditors, to establish by satisfactory proof that there was a valuable and adequate consideration for such conveyance [citing cases]. The grantee must also point out the various items constituting the alleged consideration, when the conveyance and the circumstances under which it was made bear the semblance of an attempt to cover up the property of the debtor [citing cases].' " 488 P2d at 406.

■ This court has repeatedly followed the universal rule, "that furnishing support and maintenance to a near relative will be presumed to have been done gratuitously, however valuable it may have been, and that such presumption can only be overcome by showing that payment therefor was intended and expected to be made in some manner." *Wilkes v. Cornelius,* 21 Or 341, 347, 23 P 473 (1890). *Ibach v. Hoffman,* 184 Or 296, 303, 198 P2d 266 (1948), reaffirmed that principle.

■ The testimony of the daughter, as to the services rendered, was explicit that she did not intend or expect any payment from her father for such care. As to the expenditures, such as for the furnace, there is no direct evidence. These expenditures were made over a lengthy period of time and there was no evidence that at any time during the period the daughter asked for or received payment. This creates an inference that no payment was expected.

The defendant daughter has not carried the burden of proving that the conveyance was for valuable and adequate consideration. We find that the conveyance was voluntary, that is, without any consideration.

Having found the conveyance was made without consideration, the case is controlled by the principles of law stated in *Seed v. Jennings,* 47 Or 464, 83 P 872 (1905), by Mr. Justice ROBERT S. BEAN:

"* * * Whatever the rule may be in other jurisdictions, it is the doctrine here that one having a right of action for damages against another for tort is a creditor of the wrongdoer within the meaning of Sections 5508 et seq., B. & C. Comp.① de-

---

① Now ORS 95.010 et seq.

claring conveyances of property made with intent to hinder, delay and defraud creditors, void as to such creditors: [citing cases].

"To enable a creditor herein to maintain a suit to set aside a conveyance by the debtor as fraudulent and void, he must show an unsatisfied judgment or an attachment upon a cause of action existing at the time of the conveyance [citing cases]; or on a cause of action arising subsequent thereto, and that in the latter event the conveyance was made with the express intention of defrauding subsequent creditors: [citing cases].

"A voluntary conveyance of property is constructively void as to existing creditors [citing cases]; but valid as to subsequent ones, unless impeached for actual fraud: [citing cases]." 47 Or at 467-468.

Any doubt that the court intended one having a cause of action, not yet reduced to judgment, to be an existing creditor is dispelled by the decision in the case. The court found that the cause of action did not exist at the date of the conveyance and the grantor had no intent to hinder, delay, or defraud any subsequent creditors; therefore, the conveyance was a valid one.

*Crawford v. Beard,* 12 Or 447, 8 P 537, 3 Am St Rep 142 (1885), held generally as did *Seed v. Jennings,* supra (47 Or 464). The creditor's claim was for money owed for farm machinery sold by him to the grantor. The machinery had been ordered when the conveyance alleged to be fraudulent was made, but had not yet been delivered. The court indicated, nevertheless, that the creditor's claim had matured sufficiently that the plaintiff was an "existing creditor" and could set aside the conveyance as fraudulent. As to the claim of another creditor, however, the debt was

not contracted until long after the conveyance and in order for that subsequent creditor to set aside the conveyance the creditor had to prove actual intent to defraud upon the part of the grantor.

■ *Seed v. Jennings,* supra (47 Or at 468), states that a voluntary conveyance is constructively void as to existing creditors. "Constructively void" means that the conveyance is void unless those seeking to uphold the conveyance can sustain the burden of proof that the grantor was not insolvent or rendered insolvent by the conveyance. Hurley, *Transfers for Insufficient Consideration in Oregon,* 36 Or L Rev 313, 324 (1957), Oregon cases in footnote 74. Here, it is admitted that Zullo's only substantial asset was the house that he conveyed to his daughter; therefore, the insolvency is not in issue.

The conveyance to the defendant Carmella Adcock is void.

Reversed with instructions to enter a decree in accordance with this opinion.