Argued December 14, affirmed December 27, 1916.

# HILLSBORO NAT. BANK v. GARBARINO.*

## (161 Pac. 703.)

### Pleading—Amendment—"Trial"—Statute.

1.   Under Section 102, L. O. L., providing that the court may before trial and upon terms allow any pleading to be amended by adding any material allegation, and, at any time before the cause is submitted, may allow the pleading to be amended to correct a mistake, etc., or when the amendment does not substantially change the cause of action, or defense, and Section 113, defining a "trial" as the judicial examination of the issues between the parties, the allowance of an amendment to the complaint before any demurrer had been filed, and before the judicial examination of the issues had begun, was allowed before trial, and hence was admissible, although changing both the cause of suit and the *quantum* of proof required.

### Pleading—Amendment—Answer.

2.   Where defendant deemed himself injured or misled by an amendment to the complaint before trial, he should have taken leave to change his answer to meet the new situation.

### Pleading—Right of Amendment—Construction.

3.   The right of amendment should be liberally construed.

### Evidence—Self-serving Declarations—Voluntary Conveyance.

4.   In a suit to set aside a debtor's voluntary conveyance to his wife, her declarations to the scrivener who prepared the deed that her husband had wasted considerable money in drinking, that his health was poor, and that she took the conveyance to obviate the expense of administration of his estate were self-serving, and could not alter the effect imputed by law to the conveyance.

### Fraudulent Conveyances—Conveyance to Wife—Presumption and Burden of Proof.

5.   A husband's conveyance to his wife is presumptively fraudulent as against his existing creditors, and the wife has the burden of proving that it was made for a valuable consideration, in good faith, and without intent to defraud such creditors.

### Fraudulent Conveyances — Remedies of Creditors — Indebtedness — Statute.

6.   Section 7397, L. O. L., providing that every conveyance of lands with intent to hinder, delay or defraud creditors, etc., as against such creditors shall be void, is in favor of all creditors, and not of any particular class of creditors, so that there is no distinction between creditors whose claims are due and those whose claims are not due.

*On burden of proof as to fraud against creditors in transfer from husband to wife, see note in 56 L. R. A. 823.    REPORTER.

Fraudulent Conveyances — Conveyance to Wife — Indebtedness—Evidence.

7.  In a judgment creditor's suit to set aside a husband's voluntary conveyance to his wife, she is not estopped to go behind the judgment and inquire whether there was any actual indebtedness, and, estoppels being mutual, the creditor may show that the husband borrowed money from him and had not repaid it.

[As to whether gifts by husband to wife are fraudulent as to wife, see note in 24 Am. St. Rep. 490.]

From Washington: GEORGE R. BAGLEY, Judge.

Department 1.  Statement by MR. JUSTICE BURNETT.

This is a suit by the Hillsboro National Bank, a corporation, against Natalio Garbarino and Rosa Garbarino, to set aside a voluntary conveyance made by a debtor husband to his wife.  The original complaint declared that on March 6, 1914, the husband was the owner in fee simple and in possession of the realty in question, and on that date was indebted to the plaintiff in a certain sum of money, which he failed to pay, in consequence of which the plaintiff recovered judgment against him in the Circuit Court September 17, 1914. On this judgment an execution was issued March 27, 1915, and returned wholly unsatisfied on the 29th of the same month.  It is said, also, that on March 6, 1914, prior to the entry of judgment in favor of the plaintiff already mentioned, but after the indebtedness upon which it was founded had been incurred, the defendant husband, for the purpose of defrauding the plaintiff and to prevent collection of the indebtedness, conveyed to the wife the realty mentioned by deed recorded March 7, 1914, in the record of deeds; that it was not then, and never since has been, exempt from execution; that the wife knew of the indebtedness of her husband to the plaintiff, and received the transfer of title with intent to defraud and prevent the plaintiff from collecting its demand, or any judg-

ment that might be rendered thereon. The plaintiff also avers that there was no consideration for the conveyance, and that the husband after he made the same had no property available for the satisfaction of the judgment. The wife alone defended.

The answer tendered the general issue to every allegation of the complaint except the plaintiff's corporate character and the existence of the marital relation between the defendants. No affirmative defense was offered.

When the case was called for hearing and before any testimony was tendered the plaintiff asked and obtained leave of court, over the objection of the defendant, to amend the complaint by changing the date March 6th, wherever the same appeared therein, to March 2d, so as to show that on the earlier, instead of the later, date the defendant husband was the owner of the property, was then indebted to the plaintiff, and made the conveyance as stated, which was recorded on March 11th, instead of March 7th. In permitting the amendment the court stated that the defendant might amend her answer, but, after learning from opposing counsel that it was the contention of the plaintiff that the indebtedness was one existing at the time the conveyance was made, the attorney for the defendant announced that he would proceed and not amend. After hearing the testimony the court made findings of fact, conclusions of law and a decree according to the prayer of the complaint, and the defendant, who appeared, appeals.    AFFIRMED.

For appellant there was a brief over the names of *Mr. G. E. Murphy* and *Mr. Lisle A. Smith,* with an oral argument by *Mr. Murphy.*

For respondent there was a brief and an oral argument by *Mr. Henry T. Bagley.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The defendant contends that the court had no right to allow the amendment when it did because it changed the character of proof required to maintain the plaintiff's suit in this: That according to the dates in the original complaint the judgment relied upon was rendered after the conveyance, and hence to overturn the transfer it would be incumbent upon the plaintiff to show that it was made for the express purpose of defrauding those from whom the grantor expected afterward to obtain credit, and that the amendment relieved the plaintiff of this burden, and imposed upon it only the lighter task of showing that the conveyance was purely voluntary, which would render it void as to precedent debts without any showing of an express intent to defraud. She relied upon Section 102, L. O. L., reading thus:

"The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation material to the cause; and in like manner and for like reasons it may, at any time before the cause is submitted, allow such pleading or proceeding to be amended, by striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved."

It will be observed that there are two different periods in litigation in which the court may allow an

amendment, one "at any time before the trial," and the other, "at any time before the cause is submitted." In the first stage the court is not restricted in the extent of the amendment to be allowed. In the other, the right fettered by the condition that the alteration does not substantially change the cause of action. In our judgment the amendment was tendered in the first period. No testimony had been offered, and although the trial began immediately after the amendment was effected, yet it had not commenced at the time the offer to change the pleading was made and allowed. Section 113, L. O. L., declares that:

"A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact."

See, also, 8 Words and Phrases, 7095.

The record does not disclose that any demurrer had been filed; hence there had been no trial of an issue of law. The judicial examination of the issues had not yet begun when the amendment was offered, and hence it was admissible, although it may have changed both the cause of suit and the *quantum* of proof required.

2. If the defendant deemed herself injured or misled by the amendment, she should have taken leave to change her answer to meet the new situation.

3. To give heed to her present contention on that point would be to violate the precedents, to the effect that the right of amendment should be liberally construed.

4. The evidence clearly shows that the answering defendant knew about the existence of the indebtedness to the plaintiff owing by her husband and the state, and amount of his property, and that she took the conveyance without paying any consideration whatever

for the same. Some testimony is offered from the scrivener who prepared the deed, in substance, that she explained to him that her husband had wasted a considerable sum of money in drinking; that his health was poor; that he was not expected to live long; and that she took the conveyance to obviate the expense of the administration of his estate after his death. These, however, are self-serving declarations, and cannot alter the effect which the law imputes to a purely voluntary conveyance made by a husband to a wife.

5. Owing to the intimate relation existing between the two, the precedents established by this court are to the purport that such conveyance is presumptively fraudulent as against existing creditors. Under such circumstances our own decisions cast upon the defendant the burden of proving that the conveyance was made for a valuable consideration, in good faith, and without intent to 'defraud those to whom the grantor was obligated for the payment of money: *Wright* v. *Craig,* 40 Or. 191 (66 Pac. 807); *Davis* v. *Davis,* 20 Or. 78 (25 Pac. 140).

6. Much reliance is placed by the defendants on the case of *Seed* v. *Jennings,* 47 Or. 464 (83 Pac. 872), and particularly upon the language here set down:

"To enable a creditor herein to maintain a suit to set aside a conveyance by the debtor as fraudulent and void, he must show an unsatisfied judgment or an attachment upon a cause of action existing at the time of the conveyance; or on a cause of action arising subsequent thereto, and that in the latter event the conveyance was made with the express intention of defrauding subsequent creditors."

And, further, that:

"To avoid a voluntary deed because fraudulent as to existing creditors, the cause of action must exist at the time the conveyance is made, and this must ap-

pear from the record in the action in which the judgment was recovered.''

The defense argues from this language that no ''cause of action'' arises until the creditor has a right to commence proceedings to recover his debt, with the resulting conclusion that unless the creditor's debt is past due when the conveyance is made, the transfer of title, although purely voluntary, cannot be overturned, unless it can be shown that it was made with the express purpose of defrauding subsequent creditors, and, moreover, that unless the judgment-roll in the action shall itself disclose that the debt was overdue at the date of the conveyance, the creditor is without standing to defeat the transfer. In part the language of Section 7397, L. O. L., is this:

''Every conveyance or assignment in writing or otherwise of any estate or interest in lands * * made with the intent to hinder, delay, or defraud creditors or other persons of their lawful suits * * as against the persons so hindered, delayed, or defrauded, shall be void.''

We observe that the term ''creditors'' is not restricted to those whose demands are overdue. The statute is in favor of all creditors, and not any particular class of them. It is quite as culpable for the debtor to alienate his property with intent to defraud one whose claim is not yet due as thus to seek to injure one whose demand has matured. To distinguish between the two wrongs is not consonant with sound logic.

7. The language of the opinion in the *Seed-Jennings Case* respecting the judgment cannot be construed as applicable to the answering defendant here, because she was not a party to the same and is not bound thereby. She is not estopped to go behind the judg-

ment and inquire whether or not there was any actual indebtedness owing from her husband to the plaintiff. Estoppels are mutual, and if she is entitled to enter upon that field of inqury, the plaintiff may accompany her upon her quest, and resisting her attack upon the judgment may show, as it did in this instance, that the defendant husband in truth had borrowed money from the plaintiff to the amount stated in the pleading, and had not repaid the same. The rule is thus stated in *Yeend* v. *Weeks,* 104 Ala. 331 (16 South. 165, 53 Am. St. Rep. 50):

"If, then, there is no more proof than the judgment itself—in the absence of fraud or collusion, as we have seen—it is evidence of the existence of a debt at the time of its rendition, and only at that time. This is sufficient to entitle the judgment creditor to impeach the fraudulent conveyance as tainted with actual fraud. In such case, the burden of proving the actual fraud would be upon the complainant. If the complainant, however, would use the judgment to the prejudice of a grantee in a deed alleged to be only voluntary and constructively fraudulent, there must be independent, distinct evidence of facts showing the cause of action which authorized the rendition of the judgment, and that it is older than the conveyance."

The subject is learnedly discussed in *Eggleston* v. *Sheldon,* 85 Wash. 422 (148 Pac. 575), by Mr. Justice FULLERTON, not only permitting, but requiring in such instances, that the plaintiff shall show an actual indebtedness older than the conveyance attacked, where the reliance is upon a purely voluntary transfer of the title. Rightly understood in consideration of its facts, the case of *Seed* v. *Jennings,* 47 Or. 464 (83 Pac. 872), does not teach the contrary doctrine. There the father of the plaintiff, while the latter was yet a minor, conveyed to him certain real prop-

erty, being at the time free from debt of any nature and possessed of considerable other holdings. Three years later Jennings commenced an action against the elder Seed, charging him with the alienation of the affections of the former's wife, said to have been committed within the next preceding year, recovered judgment, and levied execution on the realty included in the deed from the father to his son. Clearly the claim accrued, not before, but after, the deed had taken effect; and, as there was no evidence whatever that the liability was in contemplation of anyone at the time the conveyance was made, the land was held exempt from the subsequent judgment. In this case, however, although it changed its form by the renewal of notes given for the same, the indebtedness accrued long prior to the conveyance. As we have seen, the statute makes no distinction between the creditors whose claims have matured and those unmatured. They are equally within the protection of the enactment. The effect of the conveyance to the wife was at least to hinder and delay the plaintiff in the collection of its debt. The decree of the Circuit Court is affirmed.                          · AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.