Argued on motion to dismiss the appeal January 28, appeal dismissed March 9, 1920.

# CHANDLER *v.* TODD.

(188 Pac. 161.)

**Appeal and Error—Appeal Perfected Five Days After Service and Filing of Undertaking.**

1. In respect to the time for filing the transcript, an appeal was perfected June 20th, where notice of appeal was filed June 10th, and the undertaking on appeal was served and filed June 14th; five days being allowed for excepting to the surety by Section 550, L. O. L., as amended by Laws of 1913, page 617.

**Appeal and Error—Order Extending Time for Filing Transcript After Time has Expired is Ineffective.**

2. An order extending the time for filing the transcript made after the time as previously extended had expired was not made within the time allowed to file the transcript, as required by Section 554, subdivision 2, L. O. L., as amended by Laws of 1913, page 619.

**Appeal and Error—Filing of Transcript or Abstract Within Time Specified is Jurisdictional.**

3. The filing of the transcript or the required abstract of the record within the time specified by the statute is jurisdictional, without which the Supreme Court has no authority to proceed to hear the case.

From Multnomah: John P. Kavanaugh, Judge.

Department 2.

This is an action upon an injunction bond executed by defendant N. M. Todd with the Massachusetts Bonding and Insurance Company as surety, and filed in a suit in Washington County, in which N. M. Todd was plaintiff and E. M. Chandler et al. were defendants, restraining defendants from removing wood or timber and other property from certain land. The order of injunction was issued May 31, 1916. On June 15, 1916, Todd filed an additional undertaking by order of the court to prevent the release of the injunction, which is the instrument sued on. At the time, plaintiff Chandler had about 700 cords of wood cut on the land which he had contracted to sell and

in order to deliver the wood it was necessary to haul it during the dry summer season of 1916, which Chandler was prevented from doing by the injunction. During the summer of 1916, while the injunction was in force, a fire broke out in the woods near the cordwood and destroyed about 320 cords of it.

Chandler employed counsel and moved to vacate the injunction. On September 2, 1916, the same was set aside and annulled. This action was brought against the defendants to recover the damages sustained by Chandler as the natural and proximate result of the wrongful injunction. The cause was tried before the court and a jury. Based upon the verdict of the jury, a judgment was entered on April 8, 1918, for the sum of $512.50.        APPEAL DISMISSED.

*Mr. G. E. Hamaker*, for the motion.

*Mr. Allan R. Joy* and *Mr. D. P. Price, contra.*

BEAN, J.—The plaintiff moves to dismiss the appeal for the reason that the transcript of the record was not filed within the time allowed by law.

1. Notice of appeal was filed June 10, 1918. Undertaking on appeal was served and filed June 14, 1918. Allowing five days for exceptions to the surety on the undertaking, the appeal became perfected on June 20, 1918. See Section 550, L. O. L., as amended by Chapter 319, Laws of 1913, page 617. The transcript was filed in this court on November 18, 1918.

Section 554, L. O. L., as amended by Chapter 320, Laws of 1913, page 618, requires the appellant to file the transcript within thirty days after the appeal is perfected, or within such extended time as may be allowed by order of the trial court or judge

thereof, or the Supreme Court or a justice thereof, made within the time allowed to file the transcript and not extending the time beyond the next term of this court following the appeal. Appellant had thirty days from June 20, 1918, or until July 20, 1918, to file the transcript: *Cauldwell* v. *Bingham & Shelley Co.*, 84 Or. 257, 260 (155 Pac. 190, 163 Pac. 827).

July 13, 1918, the time for filing the transcript, was, by order of the Circuit Court, extended thirty days or until and including August 19, 1918. By a like order of July 25, 1918, such time was extended for a further period of thirty days which would be to and including September 18, 1918. The extension was computed in the order as being to and including September 12, 1918.

An order dated September 14, 1918, was by a judge of the same court made extending the time for settling the bill of exceptions, and extending the time for filing the transcript to and including September 30, 1918. By an order of the Circuit Court of November 25, 1918, the last above order was entered *nunc pro tunc* as of September 12, 1918.

On September 25, 1918, an order was duly entered extending the time for filing the transcript to the end of the first day of November, 1918. On October 14, 1918, an order was made by the Circuit Court extending such time for five days, or until the close of November 6, 1918. This order was entered on November 12, 1918, *nunc pro tunc* as of October 14, 1918.

2, 3. After the expiration of the time for the filing the transcript as extended, to wit, on November 7, 1918, an order was made purporting to extend the time for filing the transcript herein until and including November 18, 1918. The latter order was not "made

within the time allowed to file the transcript," as required by Section 554, L. O. L., subdivision 2 as amended. This section of the statute provides that if the transcript or abstract is not filed with the clerk within the time provided, the appeal shall be deemed abandoned and the effect thereof terminated. No abstract was filed by appellant until January 24, 1919. Therefore the appeal was abandoned. The filing of the transcript or the required abstract of the record, within the time prescribed by statute, is jurisdictional without which this court has no authority to proceed to hear the case: *Emery* v. *Brown,* 63 Or. 264 (127 Pac. 682). Section 554, subdivision 3, L. O. L., provides that, if the appeal be abandoned, the judgment for recovery of money may be enforced against the sureties on the undertaking for a stay of proceedings.

The motion to dismiss the appeal is granted. Judgment against defendants and their surety will be ordered entered enforcing the judgment of the lower court, pursuant to Section 554, subdivision 3, L. O. L.

APPEAL DISMISSED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.