Motion to dismiss appeal denied March 14, motion to vacate order denied May 16, 1922, dismissed per stipulation January 16, 1923.

## SPRAGUE v. ASTORIA.

### (204 Pac. 956; 206 Pac. 849.)

**Courts—"Jurisdiction" Defined.**

1. "Jurisdiction" is the authority to hear and determine a legal controversy.

**Appeal and Error—Filing of a Transcript Within Required Time Jurisdictional.**

2. The filing of the transcript on appeal within the time allowed by law or an extension thereof granted by the trial court or by the Supreme Court within the time allowed to file such transcript is jurisdictional.

**Appeal and Hrror—Record That Judge Ordered Extension of Time for Filing Transcript Conclusive That He was not Disqualified.**

3. An appeal will not be dismissed on the ground that the transcript was filed within the time extended, under Section 554, subdivision 2, Or. L., by judge of the Circuit Court after he had been disqualified for prejudice under Sections 45—1, 45—2, 45—3, 45—4, as amended by Laws of 1919, Chapter 160, in the absence of record showing that a motion was made or an affidavit filed under such statutes or that there was a journal entry showing or tending to show the disqualification of such judge, or that another judge was assigned to the district because of the disqualification of such judge, since the orders of the court extending the time import absolute verity as to every proposition of law and fact essential to their existence.

### ON MOTION TO VACATE ORDER.

**Appeal and Error—Leave to File Supplemental Abstract Showing Lack of Jurisdiction Denied.**

4. Where respondent's motion to dismiss an appeal was denied because the record contained no evidence of the alleged lack of jurisdiction, an order refusing permission to file a supplemental abstract was proper, notwithstanding Supreme Court Rule 7 (100 Or. 745, 173 Pac. viii), authorizing the filing of supplemental abstracts, since the purpose of the abstract was to show that the court had no jurisdiction.

From Clatsop: J. U. CAMPBELL, Judge.

In Banc.

This is a motion to dismiss a second appeal of this case. Judgment adverse to the plaintiff was reversed by this court (see 100 Or. 298, 195 Pac. 789).

On retrial had in the Circuit Court of the State of
Oregon in and for Clatsop County, Honorable J. U.
Campbell, Judge presiding, the plaintiff recovered
a verdict of $2,500.  A motion for new trial was over-
ruled and judgment was thereupon entered in ac-
cordance with the verdict of the jury.  Upon the
conclusion of the trial the defendant appealed to this
court, the appeal being perfected on November 14,
1921.  Plaintiff moved that the appeal be dismissed,
and for grounds alleged that this court is without
jurisdiction to hear the cause upon appeal.

                                   Motion Denied.

For the motion, *Messrs. Norblad & Hesse.*

*Contra, Mr. J. W. Mott,* City Attorney, and *Messrs.
G. C. & A. C. Fulton.*

BROWN, J.—1. Jurisdiction is the authority to
hear and determine a legal controversy.

"The fundamental question of jurisdiction, first of
the appellate court, and then of the court from which
the record comes, presents itself on every writ of
error and appeal, and must be answered by the court,
whether propounded by counsel or not: *Defiance
Water Co.* v. *Defiance,* 190 U. S. 184 (48 L. Ed. 140,
24 Sup. Ct. Rep. 63, see, also, Rose's U. S. Notes)."
*Dippold* v. *Cathlamet Timber Co.,* 98 Or. 183, 189
(193 Pac. 909).

The plaintiff bases her averment that this court is
without jurisdiction upon the showing made by the
record on file herein.  Her motion reads, in part, as
follows:

"Comes now the above plaintiff and respondent,
and based upon appellant's transcript on file herein,
and particularly upon the copies of the judgment,
notice of appeal, undertaking on appeal and respec-

tive proof of service indorsed thereon, and the two pretending orders extending time in which to file the transcript in the above-entitled court and cause, and further based upon the records, files and journal entries of the above-entitled cause, moves this Honorable Court for a dismissal of the within appeal, and for an affirmation of the judgment of the lower court, for the following reasons: * *

"That defendant and appellant's time in which to file its transcript on appeal in the Supreme Court expired on the fourteenth day of December, 1921; that on the fifteenth day of November, 1921, appellant took a pretended order signed by Honorable JAMES A. EAKIN, extending appellant's time in which to file said transcript until January 1, 1922, and on the 27th day of December, 1921, took a similar order signed by Honorable JAMES A. EAKIN, extending appellant's time in which to file its transcript until the first day of February, 1922; that previously to the trial of said cause the Supreme Court of the State of Oregon entered an order appointing Honorable J. U. CAMPBELL to try said cause on account of an affidavit of prejudice having been filed against Honorable J. A. EAKIN * * ."

The transcript on appeal discloses that on November 15, 1921, the following stipulation was made and entered into by the attorneys for the respective parties:

"For the reason that the defendant has been, and is, unable to secure a transcript of the evidence taken at the trial of the cause in time to prepare and file its transcript on appeal to the Supreme Court,

"It is hereby stipulated and agreed between the parties hereto, by their respective attorneys, that the time for filing the transcript on appeal to the Supreme Court on the appeal of the defendant from the judgment rendered and entered in the above-entitled court in the above-entitled cause, be extended up to and including January 1, 1922, and an order to this effect shall be entered."

Pursuant to the provisions of Section 542, subdivision 2, Or. L., and based upon the stipulation made and entered into by counsel, the Circuit Court of Clatsop County, Oregon, Honorable J. A. EAKIN, Judge, presiding, made the following order:

"It having been made to appear satisfactorily to the court that it is impossible for the defendant to complete its transcript on appeal in the above-entitled cause within the time required by law, and the plaintiff, through her attorneys, appearing in court and consenting thereto,

"It is ordered, that the time for the defendant to file its transcript on appeal to the Supreme Court in the above-entitled cause be, and the same is hereby, extended up to and including January 1, 1922."

On December 27, 1921, a second stipulation was filed as follows:

"It is hereby stipulated and agreed that the time for the defendant to file its transcript on appeal in the Supreme Court, and to prepare, serve and file its bill of exceptions in the above-entitled action be, and the same is hereby, extended until February 1, 1922.

"This stipulation is entered into without a waiver on the part of the plaintiff of any of her rights in the premises not herein stipulated, and particularly of her contesting that the trial court is without jurisdiction to settle, or extend the time in which to settle, the bill of exceptions, or to extend the time in which to file the transcript on appeal in the Supreme Court, the time in which to do so having expired, and that the Supreme Court is without jurisdiction on appeal, no valid order extending time in which to file the transcript having been entered."

Grounded upon this stipulation, the Circuit Court, Honorable J. A. EAKIN, Judge, presiding, made the following order:

"Based upon the stipulation filed herein by the above-named parties, through their respective attorneys,

"It is ordered, that the time for defendant to file its transcript on appeal in the Supreme Court and to prepare, serve and file its bill of exceptions in the above-entitled action be, and the same is hereby, extended until February 1, 1922."

On February 2, 1922, the plaintiff filed her motion requesting a dismissal of the appeal.

2. The filing of transcript on appeal within the time allowed by law, or an extension thereof which may be granted by the trial court or the judge thereof, or by the Supreme Court or a justice thereof, within the time allowed to file such transcript, is jurisdictional: *Kelley* v. *Pike,* 17 Or. 330 (20 Pac. 685); *Emery* v. *Brown,* 63 Or. 264 (127 Pac. 682); *Chandler* v. *Todd,* 95 Or. 430 (188 Pac. 161); *Russell* v. *Smith,* 96 Or. 629 (190 Pac. 715).

The order enlarging the time for filing the transcript in the case at bar was made within the time allowed to file such transcript. That order was made by the trial court; that is to say, by the Circuit Court of the State of Oregon in and for Clatsop County. The trial of the cause had been completed; the hearing on the motion for new trial had been decided, and the judgment rendered by the court had been appealed from.

The term "trial" is defined thus:

"A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact." Section 113, Or. L.; *Mulkey* v. *Day,* 49 Or. 312, 314 (89 Pac. 957); *Hillsboro National Bank* v. *Garbarino,* 82 Or. 405, 409 (161 Pac. 703); *Warm Springs Irr. Dist. Co.* v. *Pac. L. Co.,* 89 Or. 19, 22 (173 Pac. 265).

And "The meaning of the word 'hearing' * * is to be determined from the character of its use in the statute: *American Grain Separator Co.* v. *Separator Co.,* 202 Fed. 205 (120 C. C. A. 644). In equity, 'hearing' is a term with a well-understood content. Technically, it is the trial of the case, including the introduction of evidence, the argument of the solicitors and the decree of the chancellor: *Joseph Dry Goods Co.* v. *Hecht,* 120 Fed. 763 (57 C. C. A. 67, citing 10 Ency. Pl. & Pr. 8); *Babcock* v. *Wolfe,* 70 Iowa, 679 (28 N. W. 490, citing 1 Bouvier's Law Dictionary, 745). * * As applied to courts the word is said to be generally understood as meaning a judicial examination of the issues between the parties, whether of law or of fact: *Glennon* v. *Britton,* 155 Ill. loc. cit. 243 (40 N. E. 598)." *State* v. *Seehorn,* 283 Mo. 508 (223 S. W. 664, 670).

The orders of extension were lawfully made by the Circuit Court in and for Clatsop County, Oregon, the court in which trial of the cause was had.

3. In support of her motion, the plaintiff would invoke the provisions of Chapter 160, General Laws of Oregon, 1919, designated as Section 45—1, 45—2, 45—3 and 45—4, Or. L., providing, among other things, that:

"No judge of a circuit court of the state of Oregon shall sit to hear or try any suit, action or proceeding when it shall be established * * that such judge is prejudiced against any party or attorney * * appearing in such cause."

Notwithstanding that the trial was completed and the appeal perfected when the extension of time in which to file transcript on appeal was granted to defendant, it is asserted strenuously that Honorable J. A. EAKIN had been disqualified under the provisions of our statute to try this action, and that by reason thereof the trial court of Clatsop County,

Oregon, presided over by Judge EAKIN, exceeded its jurisdiction in granting such extension.

We regret that because of the lack of any evidence in support of the assertion in plaintiff's motion, we are without jurisdiction to consider this alleged error. We are limited to the consideration of questions presented by the record before us. This record discloses that Honorable J. U. CAMPBELL was the Presiding Judge of the Circuit Court of Clatsop County, Oregon, at the trial of Rowena Sprague against the City of Astoria. However, it fails to disclose that a motion was made or an affidavit filed in accordance with the provisions of the disqualifying statute above referred to, or otherwise. Nor is there any journal entry showing, or tending to show, the disqualification of Honorable J. A. EAKIN. We find no evidence of record that Honorable J. U. CAMPBELL was assigned to the Twentieth District because of the disqualification of Judge EAKIN. Our sole source of information relating to the trial in the court below is the record. The orders in this case made by the Circuit Court import absolute verity as to every proposition of law and fact essential to their existence against the parties to them: Freeman, Judgments (4 ed.), § 289; Van Fleet, Collateral Attack, § 550.

The motion to dismiss is denied.

MOTION DENIED.

Motion to vacate order denied May 16, 1922.

ON MOTION TO VACATE ORDER.

(206 Pac. 849.)

*Messrs. Norblad & Hesse,* for the, motion.

*Messrs. G. C.* and *A. C. Fulton, contra.*

BROWN, J.—The plaintiff has moved this court to set aside its order made on April 4th denying respondent leave to file a supplemental abstract, and for leave to file such supplemental abstract.

The plaintiff in this cause filed a motion to dismiss this appeal, on the alleged grounds of the want of jurisdiction in this court to entertain the same. The motion was disallowed for the reason set forth by opinion filed March 14, 1922, *ante,* p. 253, 204 Pac. 956.

The transcript on appeal shows that on November 15, 1921, a stipulation was entered into by the attorneys for the respective parties herein, which reads:

"For the reason that the defendant has been, and is, unable to secure a transcript of the evidence taken at the trial of the cause in time to prepare and file its transcript on appeal to the supreme court,

"It is hereby stipulated and agreed between the parties hereto, by their respective attorneys, that the time for filing the transcript on appeal to the supreme court on the appeal of the defendant from the judgment rendered and entered in the above-entitled court in the above-entitled cause, be extended up to and including January 1, 1922, and an order to this effect shall be entered."

Pursuant to the agreement contained in the foregoing stipulation, the Circuit Court, Honorable J. A. EAKIN, Judge, presiding, made an order in accordance with the terms thereof.

On December 27, 1921, a second stipulation was made by the respective attorneys and filed, whereby the time for filing the transcript was extended until February 1, 1922. This was entered into without a waiver on the part of the plaintiff of her right to assert that the trial court was without jurisdiction to settle or extend the time in which to settle the bill of exceptions or to extend the time in which to file the transcript on appeal to the Supreme Court. Based upon this stipulation, the Circuit Court, Honorable J. A. EAKIN, Judge, presiding, extended the time to prepare, serve and file the defendant's bill of exceptions to February 1, 1922.

On February 2, 1922, plaintiff filed her motion requesting dismissal of the appeal because of the alleged disqualification of Honorable J. A. EAKIN to make the above-described order, the motion being based upon the provisions of Chapter 160, General Laws of Oregon, 1919, "relating to the disqualification of judges of the circuit courts," designated as Section 45—1, 45—2, 45—3 and 45—4, Or. L. The motion was denied upon the ground that the record contained no evidence relating to the averred disqualification of Honorable J. A. EAKIN.

4. Thereafter, the plaintiff filed a motion for leave to file a supplemental abstract containing an alleged motion and affidavit of prejudice, which was denied. The order disallowing this motion the plaintiff now seeks to have set aside.

Relating to the filing of abstracts by respondent, Rule 7 of this court, 100 Or. 745 (173 Pac. viii), provides:

"If the respondent shall deem the appellant's abstract imperfect or unfair, he may, within ten days after receiving a copy thereof, deliver to the appel-

lant's counsel one, and to the clerk of this court, with proof of service upon appellant, sixteen printed copies of such further or additional abstract as he shall deem necessary to a full understanding of the questions involved in the appeal."

It is stated by 4 C. J. 439, 440:

"Where necessary to correct errors, defects or omissions in the original transcript or return as filed in the appellate court, an additional or supplemental transcript or return may be obtained on proper application, and when filed in the appellate court it will be considered as part of the original transcript or return, and the assignment of errors upon the original will be sufficient. Thus, such a transcript or return may be filed to supply a part of the record on appeal omitted from the original transcript, as that an affidavit or deposition was filed and used in support of motion or on the trial, and that a statement of facts was seasonably filed, and also to show an additional record of an amendment of the judgment, and an order granting an appeal and transcript of the appeal bond. But want of jurisdiction of the appeal * * may not be thus shown."

In *Watson* v. *Sawyer,* 12 Wash. 35 (41 Pac. 43), the court said:

"It is an almost universal practice with appellate courts to exercise their discretion to the fullest extent by way of allowing supplemental transcripts to be filed in furtherance of an appeal, or to support their jurisdiction in a case in which action has been taken; but it is an equally universal practice not to allow this to be done for the purpose of disclosing a want of jurisdiction. Under these rules, it is clear that this supplemental transcript must be entirely disregarded and the petition decided upon the record as it existed at the time the motion to dismiss the appeal was heard."

The motion is denied.

                    Motion Denied.   Dismissed.