Argued at Pendleton October 28, affirmed December 9, 1924.

# J. R. BLACKABEE *v.* J. H. SEAWEARD ET AL.

### (231 Pac. 146.)

**Fraudulent Conveyances—Transfers to Relatives Suspected Burden on Grantees to Show Good Faith and Freedom from Fraud in Transfer of Property by Near Relatives.**

1. Transfers of property to near relatives are looked on with suspicion, and burden of showing good faith and freedom from fraud is on grantees.

**Fraudulent Conveyances—Facts Enumerated Held Badges of Fraud, in Execution of Deeds to Grantor's Wife and Son.**

2. The grantees were grantor's wife and son, deeds were not recorded more than two and one-half years after execution and delivery, grantor remained in apparent possession and exercised control or ownership of property until they were recorded, land described was assessed to grantor, who paid taxes and irrigation assessment, retained ownership of water rights in his own name, and rendered to creditor's bank statements of his property, including that described, between dates of execution and delivery and of recordation of deeds, *held* badges of fraud.

**Fraudulent Conveyances—Evidence of Valuable Consideration Held Insufficient to Overcome Presumption of Fraud.**

3. Evidence of valuable consideration for deeds of property to grantor's wife and son *held* insufficient to overcome inference of fraudulent conveyance.

**Fraudulent Conveyances—Burden on Grantees to Show Valuable Consideration for Conveyance.**

4. In suit to set aside deeds as in fraud of creditors, burden was on defendants, grantor's wife and son, to show valuable consideration.

**Fraudulent Conveyances—Secret Intent to Defraud Creditors not Necessary.**

5. To set aside deed as defrauding creditors, secret intent of parties to do so is unnecessary; it being sufficient if that is effect of voluntary transfer.

---

1. Effect of relationship to show participation by creditors in debtor's fraudulent intent, see note in 31 L. R. A. 43. See, also, 12 R. C. L. 668.

2. See 12 R. C. L. 670.

4. Burden of proof as to fraud against creditors in transfer from husband to wife, see note in 56 L. R. A. 823. See, also, 12 R. C. L. 668.

5. See 12 R. C. L. 671.

Fraudulent Conveyances — Parties' Belief That Grantor Retained
    Enough Property to Satisfy All Creditors Does not Validate
    Transfer.

6.  Belief of parties to deed that grantor retained enough prop-
erty to satisfy all his creditors does not validate transfer, not sup-
ported by valuable consideration, if effect is to defraud, delay or
hinder creditor in collection of debt.

See (1) 27 C. J., pp. 490, 495.    (2) 27 C. J., pp. 491, 494, 495.    (3)
27 C. J., p. 830.    (4) 27 C. J., pp. 792, 799.    (5) 27 C. J., pp. 500,
501, 505, 509.    (6) 27 C. J., pp. 500, 509.

From Malheur: GUSTAVE ANDERSON, Judge.

In Banc.

This suit was instituted to set aside two deeds,
one of which was executed by J. H. Seaweard in
favor of his wife Elizabeth A. Seaweard, and the
other by the said J. H. Seaweard and his wife
Elizabeth A. Seaweard to their son John E. Sea-
weard. Both of the deeds were executed on the
fifth day of April, 1919, when the said J. H. Sea-
weard was very ill, and in consequence, his physician
told his wife, the said Elizabeth A. Seaweard, that
he was likely to depart this life at any time and to fix
up his business affairs in anticipation of his decease.
Thereupon, an attorney and notary public was sent
for and instructions were given to prepare the deeds
sought to be set aside by this suit. The deeds were
prepared, accordingly, and delivered, but not recorded
until November, 1921. At the time the deeds were
executed and delivered the defendant J. H. Saweard
was indebted to the plaintiff in the principal sum of
$4,500 and to the Ontario National Bank, of which
the plaintiff is president, in the principal sum of
$6,850, and also to the State Land Board in the sum
of $4,250. At the time the deeds were recorded,
this indebtedness still existed. The indebtedness to
the State Land Board had increased to $5,000, and
the indebtedness to the Ontario National Bank had
also largely increased. The land conveyed by the

two deeds, referred to above, was a substantial part of the property of J. H. Seaweard, if not the larger part.  At that time the defendant John E. Seaweard was 18 or 19 years of age, and married.  This marriage was dissolved and prior to becoming of age he was married again.  The plaintiff began an action at law against the defendant J. H. Seaweard to recover the sum of $4,500.  The land described in the two deeds was attached in said action at law and a judgment was rendered against the defendant J. H. Seaweard in that action with an order for the sale of the attached property.  The evidence discloses that the defendant J. H. Seaweard had no other property out of which the said judgment could be collected.  A decree was rendered in favor of the plaintiff setting aside the two conveyances mentioned above, and from that decree the defendants appeal.

AFFIRMED.

For appellants there was a brief and oral arguments by *Mr. C. McGonagill* and *Mr. George E. Davis.*

For respondent there was a brief and oral arguments by *Mr. W. E. Lees* and *Mr. J. W. McCulloch.*

COSHOW, J.—1. Transfers of property to near relatives is looked upon with suspicion, and the burden of showing a transaction in good faith and free from fraud is upon the grantees: *Clark* v. *Pilomath College,* 99 Or. 366, 378 (193 Pac. 470, 195 Pac. 822); *Stubling* v. *Wilson,* 50 Or. 282 (90 Pac. 11, 92 Pac. 810), and cases therein cited.

2. The questions involved in this suit are principally questions of fact.  The facts, that the grantees in the two deeds were wife and son, respectively, of the grantor; that the deeds were not placed of record more than two and one-half years after they

were executed and delivered; that the grantor re-
mained in apparent possession and exercised control
or ownership over the property from the time the
deeds were executed and delivered and until they
were recorded; that the land described in the two
deeds was assessed to the grantor and he paid the
taxes; that he paid the assessment for the use of
water for irrigating the premises retaining ownership
of the water right in his own name; and that he
rendered to the Ontario National Bank, of which the
plaintiff is president, statements of his property, in-
cluding the land described in said deeds between the
dates the deeds were executed and delivered and the
time they were recorded, are all badges of fraud:
20 Cyc. 441, and following; 27 C. J. 483, and follow-
ing; *Marks* v. *Crow,* 14 Or. 382 (13 Pac. 55); *Wright*
v. *Craig,* 40 Or. 191 [86 Pac. 807); *Clarke* v. *Philo-
math College,* above; Bump on Fraudulent Convey-
ances (2 ed.), 31, Chap. IV.

3. The appellants attempt to show that the said
conveyances were not fraudulent, but were made for a
valuable consideration.    One cannot read the testi-
mony in this suit without being convinced that the
effect of the two conveyances is to hinder and delay,
if not absolutely defeat, the collection of the indebted-
ness owing by the grantor at the time the deeds
were made and delivered.    The evidence adduced by
the defendants, as to what was a valuable considera-
tion, is very unsatisfactory.    It is indefinite, uncertain
and vague.    The testimony of the defendant Eliza-
beth A. Seaweard is to the effect that when she
was married to the said J. H. Seaweard she had more
property than he had and that that property has
always been held and managed in the name of her
husband.    The evidence, however, does not disclose
the value of the property and inasmuch, as they were

married more than 40 years prior to the date of the execution of the deeds, and the further fact, that the title to the property was in the defendant J. H. Seaweard and was the basis of the credit extended to him, prevents her testimony from showing a valuable consideration sufficient to overcome the inference of fraud deduced from the circumstances. There is no evidence that a monetary consideration passed at the time of the execution and delivery of the deeds. The situation between the defendant J. H. Seaweard and John E. Seaweard is similar. The testimony of both of the last-named defendants is not sufficient to establish a valuable consideration. No specific amount of the property owned by the defendant John E. Seaweard is named; no account was kept between him and his father, and no settlement was made. The testimony of John E. Seaweard is to the effect that he had property amounting to several thousand dollars. He had saved up from time to time and turned it over to his dad, and when he needed or wanted money, he drew on dad. It is not unreasonable to conclude from his evidence that he drew as much or more from his dad than he delivered to him.

4–6. The burden of proof was upon the defendants to show a valuable consideration. In this, the defendants have failed: 27 C. J. 500, § 164, and p. 501. In order to have a deed set aside as fraudulent, it is not necessary that the secret intent of the parties thereto was to defraud their creditors. It is sufficient if that is the effect of the transfer where such transfer is voluntary. Nor does the belief of the parties to the transfer that the grantor retains sufficient property to satisfy all his creditors validate a transfer where the transfer is not supported by a valuable consideration, if, in fact, the effect of the

transfer is to defraud, delay or hinder the creditor in the collection of his debt: 27 C. J. 504, § 171, and following on p. 506.

The testimony of the defendants and two of his witnesses indicates very clearly that the transfers were made in anticipation of death. The transfers are very closely related to a testamentary gift, which would not take effect until after the death of the grantor. This evidence is supported by the delay in recording the deeds, the grantor having recovered at the time the deeds were recorded. The debt of the grantor had largely increased and his property decreased. The effect of the transfers, without question, would delay, if not defeat, the plaintiff in the collection of his judgment.

The appellants claim that the decree is too broad in this, that it deprives the defendant Elizabeth A. Seaweard of her interest in the S.½ of N.½ of NW.¼ of NE.¼ of said Section 10, Twp. 18 S., R. 47 E., W. M. This 10-acre tract was conveyed to the defendants J. H. Seaweard and Elizabeth A. Seaweard as husband and wife. The decree does not deprive her of the interest conveyed to her by that deed. The decree reads that she be

"barred from any and all right, title, claim or interest in or to the said real property or any part thereof, *save and except the interest she had in the*" 10-acre tract "prior to the execution of said deed."

The decree, therefore, does not deprive her of the interest that was conveyed by the deed to herself and husband and which she owned therein prior to the execution and delivery of the deed by the said J. H. Seaweard to her.

The demurrer to the complaint was properly overruled. Finding no error, the decree is affirmed.

AFFIRMED.