Argued at Pendleton, October 31, 1928, affirmed January 8, rehearing denied February 5, 1929.

# FIRST NATIONAL BANK OF BURNS *v.* STARR BUCKLAND ET Ux.

(273 Pac. 393.)

For appellants there was a brief over the name of *Mr. C. B. McConnell,* with an oral argument by *Mr. Charles W. Ellis.*

For respondent there was a brief and oral arguments by *Mr. C. H. Leonard* and *Mr. J. W. Biggs.*

BEAN, J.—It appears that on the twenty-second day of November, 1921, defendant Starr Buckland was the owner of lots 17 and 18, Block 13, town of Crane, Harney County, Oregon. For a number of years prior to that date Starr Buckland had been a borrower from the plaintiff bank and had periodically renewed the loan.

On November 22, 1921, in order to pave the way for another renewal, Starr Buckland made a financial statement to the bank in which he placed the value of said lots at $1,500 and listed the lots as free of encumbrances. At that time Buckland owed the bank $6,778.46, the payment of which he desired to have extended for a period of six months. It appears that on November 7, 1921, the Bucklands had executed a mortgage in the sum of $350 on the Crane property, which was a lien on the property at the time this statement was made.

On December 9, 1921, Starr Buckland, deeded to his wife Mattie Buckland, the lots mentioned in Crane, upon which there was a dwelling-house. The deed was recorded December 12, 1921, the grantee therein assuming the $350 mortgage upon the property. The Bucklands claim that the lots were deeded to Mrs. Buckland as part of a settlement in contemplation of a divorce, as what property was in the name of Starr Buckland, the husband was a result of their joint efforts since their marriage in February, 1905.

Other land was conveyed to Mrs. Buckland by her husband at the same time, which is not involved in this suit. It is stated that the other land is claimed as a homestead. Therefore, no consideration will be given to the land involved in the other suit, although the testimony in one other suit involving 160 acres of land was taken upon stipulation at the same time as the testimony in the present suit.

The loan from the bank to Starr Buckland was again renewed on June 28, 1922. The bank had a chattel mortgage upon certain livestock as security for the loan. On March 23, 1923, the bank, after having sold the livestock embraced in the chattel mortgage, obtained a judgment in the Circuit Court for the balance due upon the loan. About $4,090 still remains unpaid. The Bucklands negotiated for a compromise settlement of this judgment on the basis of fifty cents on the dollar. This proposition was accepted by the bank, but the Bucklands failed to comply with the terms they had made. Finally when efforts to obtain a satisfaction of the judgment had failed, on September 2, 1925, the plaintiff instituted this suit, to have the deed to the property in Crane set aside on the ground of fraud.

The defendants demurred to the complaint on the ground that a period of more than two years had elapsed between the date of the alleged fraudulent conveyance and the commencement of the suit; and that the statute of limitations had run. The demurrer of the defendants was overruled.

The answer denied the alleged fraud and pleaded the statute of limitations. The reply denied the new matter contained in the answer and alleged that the defendants offered to settle plaintiff's judgment, but delayed the settlement and the bringing of the action.

It appears from the record, and evidence, that while the officers of plaintiff bank may have had some knowledge of the execution of the deed from Starr Buckland to his wife, the bank had no appreciation of the fact that it was intended by the defendants, or either of them, to defraud the bank by defeating any part of their claim, until a short time before the commencement of this suit.

There was no real separation that occurred between Mr. and Mrs. Buckland. In view of all the facts it was not vital to the bank as to which of the Bucklands held the legal title to the lots so long as they were proposing to and endeavoring to pay the bank its claim.

Section 391, Or. L., provides, in part, in the regulation of limitations of suits, as follows: "a suit shall only be commenced within the time limited to commence an action as provided in Chapter II, Title I of this Code; and a suit for the determination of any right or claim to or interest in real property shall be deemed within the limitations provided for actions for the recovery of the possession of real property; * * In a suit upon a new promise, fraud, or mistake, the limitations shall only be deemed to commence from the making of the new promise or the discovery of the fraud or mistake."

By Section 4, Or. L., the periods prescribed for the commencement of actions shall be as follows:

"Within ten years, action for the recovery of real property or for the recovery of the possession thereof * * ."

Section 8, Or. L., subd. (1), prescribes the limitation as follows:

"Within two years—(1) An action for assault, battery, false imprisonment, for criminal conversation, or

for any injury to the person or rights of another, not arising on contract, and not herein especially enumerated; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.''

It is contended by defendants that Section 391, Or. L., taken in connection with Section 8, applies to this case. Plaintiff submits that, under Section 391, Or. L., the ten-year limit provided for in Section 4, Or. L., prevails.

In the suit of *Neppach* v. *Jones*, 20 Or. 491, 492 (26 Pac. 569, 849, 23 Am. St. Rep. 145 and note), it was sought to set aside a conveyance of certain lands from an insolvent, alleging that the deed was fraudulent. Defendant claimed that the right of plaintiff was barred by the statute of limitations.

We take from that opinion a quotation by Mr. Justice LORD from *Linsay Petroleum Co.* v. *Hurd,* 5 P. C. Cas. 8 (Eng. 196) as follows:

''The doctrine of laches in courts of equity is not an arbitrary or technical doctrine. Where it would be practically unjust to give a remedy, either because the party by his conduct has done that which might fairly be regarded equivalent to a waiver of it, or where by his conduct and neglect he has, though perhaps not waiving that remedy, yet put the other party in a situation in which it would not be reasonable to place him if the remedy were afterwards to be asserted, in either of these cases, lapse of time and delay are most material.''

See, also, *State* v. *Warner Valley Stock Co.,* 56 Or. 300 (106 Pac. 780, 108 Pac. 861).

1. The complaint was not subject to demurrer as claimed by defendants for the reason that the plaintiff failed to allege any reason or excuse for not

bringing an earlier suit. Laches is not apparent on the face of the complaint, for mere delay of itself is not laches, but delay that has worked an injury to another: *Wills* v. *Nehalem Coal Co.,* 52 Or. 70 (96 Pac. 528); *Wilson* v. *Wilson,* 41 Or. 459 (69 Pac. 923).

2. During the delay in bringing suit complained of it does not appear from the pleadings that there has been any change in the circumstances or anything to prevent the defendants from presenting their defense, or that either of defendants have been prejudiced in any way.

The plaintiff was not guilty of laches in bringing this suit. This is a suit to determine a "right or claim to or interest in real property"; and the period prescribed by the statute of limitations for such suit had not elapsed.

3. The conveyance made by the husband to his wife of the lots in question a short time after listing them for the purpose of establishing credit at the plaintiff bank, and refusing to permit the lots to become subject to an execution issued on plaintiff's judgment against defendant Starr Buckland, was a fraud upon plaintiff and the conveyance should be set aside: *Marion Automobile Co.* v. *Brown,* 127 Or. 551 (272 Pac. 914), opinion rendered December 29, 1928; *Clarke* v. *Philomath College,* 99 Or. 366 (193 Pac. 470, 195 Pac. 822); *Grant County Bank* v. *Hayes,* 76 Or. 407 (149 Pac. 473); *Hillsboro Nat. Bank* v. *Garbarino,* 82 Or. 405 (161 Pac. 703), where it is stated:

"A husband's conveyance to his wife is presumptively fraudulent as against his existing creditors, and the wife has the burden of proving that it was made for a valuable consideration, in good faith, and without intent to defraud such creditors."

See, also, *Blackabee* v. *Seaweard,* 112 Or. 675 (231 Pac. 146).

There was no money consideration passed at the time of the conveyance. Finding no error in the record, the decree of the trial court is affirmed.

AFFIRMED. REHEARING DENIED.

RAND, BROWN and BELT, JJ., concur.