Argued March 8, affirmed April 12, 1967

# OREGON POST OFFICE BUILDING CORP., *Appellant, v.* McVICKER ET AL, *Respondents.*

426 P. 2d 458

*Ralph Bolliger,* Beaverton, argued the cause for appellant. On the brief were Kenneth A. Holmes, Salem, and Myatt, Bolliger & Lewis, Beaverton.

*Lincoln S. Ferris,* Portland, argued the cause for respondents. With him on the brief was Robert P. Dickinson, Portland.

Before McALLISTER, Presiding Justice, and O'CONNELL, GOODWIN and FORT, Justices.

GOODWIN, J.

Plaintiff appeals from a judgment for the defendants in an action for damages arising out of an alleged fraud in the sale of a building. The only issue on appeal is whether the trial court abused its discretion in refusing the plaintiff's tender of an amended complaint on the morning of the trial. The amendment added a cause of action for breach of warranty.

It is conceded that if the court had allowed the amendment there would have been no abuse of discretion. See *Perkins v. Standard Oil Co.,* 235 Or 7, 21, 383 P2d 107 (1963). It is also conceded that after the adverse ruling the plaintiff could have protected itself from a disadvantageous trial and a judgment in bar by taking a voluntary nonsuit. ORS 18.230.

■ Leave to amend is provided for in the following statutory language: "The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading * * * to be amended * * *." ORS 16.390. This statute has been construed many times by this court as a permissive, rather than a mandatory, statement to trial courts. See, e.g., *Baker v. Brookmead Dairy, Inc., et al,* 230 Or 384, 370 P2d 235 (1962); *Hillsboro Nat. Bank v. Garbarino,* 82 Or 405, 161 P 703 (1916); *Zimmerle v. Childers,* 67 Or 465, 136 P 349 (1913).

The original complaint was filed March 3, 1965. The defendants first raised the statute of limitations by a demurrer, which was sustained June 23, 1965. A month later plaintiff filed an amended complaint which did not reveal on its face that it was barred by the statute. The defendants thereafter filed an answer again alleging that the statute of limitations had run. Plaintiff, in a reply filed January 6, 1966, denied this allegation.

The action was scheduled for trial April 11, 1966. On that day, when the case was called for trial, plaintiff tendered a complaint alleging for the first time a breach of warranty. Plaintiff desired the amendment in order to proceed on the theory that a longer statute of limitations might apply to a breach of warranty than applied to fraud. Plaintiff offered no affidavit or other explanation for its tender of a new issue on the day of the trial. Upon objection by the defendant that the tendered complaint was not timely, the trial court rejected it.

■ In *Baker v. Brookmead Dairy, Inc., et al,* supra, we held that the exercise of a trial court's discretion in the granting or denial of an eleventh-hour amendment will not be reviewed on appeal unless the

party aggrieved makes a showing by affidavit or otherwise of facts explaining the lateness of the filing. Such a rule is necessary in order to permit the trial courts to dispose of their business in an orderly manner. Litigants who wait until the day of trial to accommodate their pleadings to newly discovered law necessarily must offer a cogent reason for this court to hold that the trial court's exercise of discretion should be characterized as an abuse. In the absence of a clear showing, this court will not search the record and the authorities in an effort to find a basis for reversal.

▉ There is, no doubt, some inconvenience in taking a nonsuit and refiling as the penalty for an unexplained delay in perfecting one's pleadings. It is, however, preferable that the inconvenience be borne by the party at fault rather than by the court and other litigants whose cases are entitled to proceed in an orderly dispatch of the docket.

Whether or not an affidavit is filed in support of a late amendment, the trial court properly may consider the effect of its ruling in at least two respects. First, it is important to consider the effect of the amendment upon the adverse party and his right to a reasonable opportunity to research the appropriate law, move against the amended pleading, avail himself of discovery procedures, and prepare requested instructions. Second, it is important to consider the effect upon the trial court's responsibility to assure the appropriate conduct of the trial.

Affirmed.