Argued September 13, affirmed October 9, 1972

# PHIPPS, *Appellant, v.* AIR KING MANUFACTURING CORP., *Respondent.*

501 P2d 790

*Frank L. Whitaker,* Portland, argued the cause for appellant.

*James H. Gidley,* Portland, argued the cause for respondent.

HOWELL, J.

This is an action for personal injuries. A jury returned a verdict for defendant, and plaintiff appeals from the judgment entered in accordance with the verdict.

Plaintiff was an employee of a general contractor who had contracted to furnish labor and supervision

for the construction of a building. Defendant furnished the trusses which were to be placed in the building. During construction, the roof collapsed and plaintiff was injured. Plaintiff contends that his injuries were caused by defects in the trusses and alleged both strict liability and negligence against defendant.

■■ For his first two assignments of error, plaintiff contends the trial court erred in refusing to allow him to amend his complaint to allege an additional specification of negligence, plus an allegation of gross negligence and punitive damages. The motions were made just prior to the beginning of the trial. The allowance or disallowance of such a motion to amend is within the discretion of the trial court. *Oregon P.O. Bldg. Corp. v. McVicker,* 246 Or 526, 426 P2d 458 (1967). We cannot say the court abused its discretion, particularly when the motions were made on the day of trial. *Baker v. Brookmead Dairy, Inc.,* 230 Or 384, 370 P2d 235 (1962).

■■ The plaintiff contends that the trial court erred in refusing to admit evidence that after the first truss collapsed, the defendant designed and constructed a second truss which was satisfactory. The rule was stated by this court in *Rich v. Tite-Knot Pine Mill,* 245 Or 185, 421 P2d 370 (1966), that, except in cases brought under the Employers' Liability Act, common law negligence cannot be established by evidence of subsequent improvements or repairs to the object that caused the injury. 245 Or at 199. The trial court properly refused to admit this evidence.①

---

① For a discussion of the admissibility of evidence of post-accident repairs or changes in strict liability and implied warranty cases, see Note, Products Liability and Evidence of Subsequent Repairs, 1972 Duke L J 837. In the instant case the plaintiff

■ The plaintiff also argues the court erred in refusing to give an instruction that any concurrent or joint negligence on the part of the owner of the structure or the contractor, together with any negligence by defendant, would not be a defense. No written instruction to this effect was requested. The plaintiff orally mentioned such an instruction in general terms to the court. If plaintiff wanted such an instruction, he should have prepared and submitted it to the court. Moreover, the court did instruct the jury that when the negligence of two or more persons concurs in causing the injury, each is liable for the entire damage. Oregon Uniform Jury Instruction No. 12.15. There is no merit in this assignment.

■ Lastly, plaintiff contends the trial court erred in denying his motion for a new trial. The appellant may not assign as error the denial of a motion for a new trial based on alleged errors known to the appellant during the trial. *Bowlds v. Taggesell Pontiac*, 245 Or 86, 419 P2d 414 (1966).

Affirmed.

---

made no offer of proof as to the design and construction of the second truss. The only mention of the proposed evidence concerning a second truss occurred in a pre-trial colloquy between court and counsel. Plaintiff's counsel mentioned only generally that he "wanted to bring out * * * the design of the second truss * * *" and that the second truss was "much stronger, much better braced * * *." No mention was made to the trial court of the possibility of an exception to the general rule in products liability cases.