Argued and submitted February 20, affirmed June 29,
reconsideration denied August 13,
petition for review denied October 6, 1981 (291 Or 708)

HART et al,
*Respondents,*
*v.*
WASHINGTON COUNTY RURAL FIRE
PROTECTION DISTRICT NO. 1,
*Appellant.*

(No. 38-055, CA 15656)

630 P2d 390

Robert E. Thompson and David R. Denecke, Portland, argued the cause for appellant. On the briefs were David R. Denecke, and Thompson, Adams & DeBast, Portland.

Roger Meyer, Portland, argued the cause for respondents. With him on the brief were Scott C. Wyse, and Newcomb, Sabin, Meyer & Schwartz, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant appeals from a declaratory judgment finding plaintiffs entitled to receive pension benefits under a pension plan enacted by defendant in 1973 (the original plan). Defendant amended the original plan after it became clear that the plan was not actuarially sound and contends that plaintiffs are entitled to benefits under the new plan only. We affirm.

Plaintiffs were employes of defendant who retired after July 1, 1973, the effective date of the original pension plan adopted by defendant, and before July 1, 1976, the effective date of the amended plan. The original plan was apparently hurriedly devised to avoid participation in the Public Employes' Retirement System as required by ORS 237.620.[1] The original plan contained liberal benefits for retirees. It provided for maximum retirement benefits of 60 percent of former pay, including any salary increases or cost of living adjustments given to active duty firefighters, and a continuation of full benefits to designated survivors upon the death of the retiree. It was funded by employe contributions of 6 percent of salary and employer contributions of 10 percent of payroll.

Eventually a cost study of the plan was made which revealed that adequate funding of the pension plan would require contributions of 65 percent of payroll rather than the 16 percent being contributed. Defendant devised a new plan which decreased the benefits payable to retirees and increased the defendant's contributions. Plaintiffs have received benefits under the new plan since its enactment and in this proceeding sought a declaration that they are entitled to the more liberal benefits of the original plan.

---

[1] Subsection (1) of ORS 237.620 requires that

"On or before July 1, 1973, all public employers of police officers and firemen who are not participants in the Public Employes' Retirement System shall become participants in the system with respect to the police officers and firemen employed by them."

Subsection (4) of that statute, however, provides an exemption from participation in the PERS for public employers who provide retirement benefits which are equal to or better than those provided by the PERS. The pension benefits provided under the original plan are equal to or better than those provided by PERS.

We begin our analysis with the fact that Oregon has adopted a contract theory of pensions. *Rose City Transit v. City of Portland,* 271 Or 588, 533 P2d 339 (1975); *McHorse v. Portland General Electric,* 268 Or 323, 521 P2d 315 (1974); *Taylor v. Mult. Dept. Sher. Ret. Bd.,* 265 Or 445, 510 P2d 339 (1973); *Crawford v. Teachers' Ret. Fund Ass'n.,* 164 Or 77, 99 P2d 729 (1940); *Adams v. Schrunk,* 6 Or App 580, 488 P2d 831, *rev den* (1971). Defendant argues at length that we should abandon a "rigid" contractual analysis of pensions and adopt another approach. However, the contractual concept of pensions is too well established in this state for us to take that step, even if we were inclined to do so.

■    In *Rose City Transit v. City of Portland, supra,* the Supreme Court said:

> "For an employer to become liable under a pension plan, it must be shown (1) that the employer has adopted a plan to pay retirement benefits, (2) the employee knows of the plan, and (3) the employee is eligible for benefits under the plan * * *." 271 Or at 593.

Once the employe has fulfilled all of his obligations under the plan and has retired, rights under the pension plan become vested, and those rights may not be impaired by the subsequent action of the employer. *Crawford v. Teachers' Ret. Fund Ass'n, supra.* [2]

■    Plaintiffs here all knew of the original plan adopted by defendant, fulfilled their employment obligations under that plan and retired while the original plan was in effect. Their rights in the original plan vested when they retired and may not now be impaired.[3]

---

[2] We understand this "vested interest" to be distinguished from the "limited vesting" that may occur prior to retirement or eligibility for retirement, as described in *Adams v. Schrunk, supra,* which indicated that limited vesting means that pension rights

> " '* * * could not be abolished nor could there be a substantial change of an adverse nature, without a corresponding change of a beneficial nature. An employee's pension rights prior to his eligibility to retire may be modified for the purpose of keeping the pension system flexible to permit adjustments in accord with changing conditions if at the same time the basic integrity of the plan is still maintained. * * *.' " 6 Or App at 586.

[3] Defendant also argues that its only obligation under the original pension plan was to contribute 10 percent of payroll as the funding provision of the plan

■ Defendant also argues that the pension trust, through which the original plan benefits were paid, and its trustees were necessary parties to plaintiffs' suit. The Board of Trustees of the original plan was abolished when the plan was amended by defendant in 1976. Defendant contends, however, that the original plan imposed no obligation upon it for payment of pension benefits, but that the trial court created a contract between plaintiffs and defendant out of the original plan and transferred the obligation for payment of the pension benefits from the trustees to defendant.

ORS 28.110 requires that

> "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The Board of Trustees of the original pension plan is no longer in existence since the adoption of the new plan by defendant. The new plan is administered by a new committee. Plaintiffs' dispute is not with the committee which administers the new plan, however; it is with defendant, plaintiffs' former employer. Plaintiffs are receiving benefits as provided by the new plan. What they seek from defendant is the difference between what they now receive under the new plan and what they would have received under the original plan if defendant had not unilaterally amended that plan. That dispute is between plaintiffs and defendant only.

■ Defendant further contends that the trial court erred in declaring that plaintiffs are entitled to the benefits of the original pension plan, including the survivor's benefits provided in that plan.[4] Defendant argues that the

---

required. Even if we were to accept defendant's interpretation of its contractual obligations, defendant did not show that the original plan, as funded, would have been incapable of providing benefits to these plaintiffs, apparently the only ones of defendant's employes to retire during the existence of the original plan

[4] The original pension plan defines "survivors" as follows:

"1. A widow or widower shall mean the spouse of a member who was legally married to a member and not judicially separated or divorced by interlocutory or final decree of court from the member at the time of his death.

rights of the survivors do not vest until the death of the retirees and, therefore, may be modified prior to that time. We disagree. It is a valuable benefit *to plaintiffs* to have provision made for the welfare of their families who survive them. The provision of those benefits is one part of the contractual relationship between plaintiffs and their employer. *See Abbott v. City of Los Angeles,* 50 Cal 2d 438, 326 P2d 484, 493 (1958). Plaintiffs, upon retirement, were entitled to rely upon the benefits provided in the original plan. The trial court was not in error in declaring that plaintiffs are entitled to the benefit of the original plan which provided for payment of benefits to plaintiffs' survivors.

■ Defendant finally assigns as error the denial of its motion to file a second amended answer on the day of trial, asserting a new affirmative defense of mutual mistake. The complaint in this case was filed in November, 1977, and trial commenced on October 31, 1978. We do not believe that the trial court abused its discretion in refusing to allow amendment of defendant's answer to raise a new defense on the day of trial nearly one year after the proceedings were initiated. *See Phipps v. Air King Manufacturing,* 263 Or 141, 501 P2d 790 (1972); *Oregon P. O. Bldg. Corp. v. McVicker,* 246 Or 526, 426 P2d 458 (1967).

Affirmed.

---

"2. A 'dependent minor child/children,' natural or adopted, of a member who is in fact substantially supported by said member or his widow or estate while said child remains under 18 years of age and unmarried, or 21 years of age if enrolled as a full time student in an accredited school or college.

"3. A 'person dependent' on member shall mean a person other than the above named persons, upon proven dependency to the pension Board of Trustees, may be entitled to a members share. A 'dependent person' must in all cases have been dependent upon member for 1 year prior to the death of a member.

"4. Any rights to this plan terminates with the death of the survivor. Each and every survivor's rights to funds from this plan shall cease upon their marriage, other than the widow, who shall receive 50 percent of what she was currently receiving from this plan."